**GENERAL MOTORS CORPORATION, a corporation of the State of Delaware, Appellant,**

v.

**John A. VOLPE, as Secretary of Transportation, et al., Appellees.**

No. 71–1132.

United States Court of Appeals, Third Circuit.

Argued Feb. 7, 1972.

Decided April 5, 1972.

E. N. Carpenter, II, Richards, Layton & Finger, Wilmington, Del., for appellant.

Walter H. Fleischer, Appellate Section, Dept. of Justice, Civ. Div., Washington, D. C., for appellees.

Before SEITZ, Chief Judge, and HASTIE and MAX ROSENN, Circuit Judges.

OPINION OF THE COURT

SEITZ, Chief Judge.

General Motors Corporation ("GM") appeals a dismissal by the Delaware district court of its action seeking pre-enforcement judicial review of an order of the National Highway Safety Bureau (NHSB). *See* General Motors Corp. v.

Volpe, 321 F.Supp. 1112 (D.Del.1970). The NHSB order, dated November 4, 1970, directed GM to notify all current owners of certain model pickup trucks that the wheels thereon supplied by GM contained a "defect which relates to motor vehicle safety" within the meaning of the National Traffic & Motor Vehicle Safety Act of 1966, 15 U.S.C. § 1381 et seq. GM instituted this action within 5 days after receipt of the NHSB order. Thereafter, the NHSB instituted an enforcement action in the District of Columbia district court.

GM's complaint invoked the following jurisdictional grounds: (1) 28 U.S.C. § 1337 and the Declaratory Judgment Act, 28 U.S.C. § 2201; and (2) the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706. And in the order dismissing the complaint the sole ground recited therefor was "lack of jurisdiction." In its opinion the district court first discussed the jurisdictional requirements of the Declaratory Judgment Act and the APA separately in relation to the facts of this litigation. It then merged consideration of both jurisdictional bases in discussing the broad issue of "the adequacy of the enforcement proceeding for protection of GM's rights . . ." 321 F.Supp. at 1124. The necessity for such an analysis stemmed both "from the language of § 704 [of the APA and] from general equitable principles applicable to the granting of injunctive relief and declaratory judgment[s]. . . ." Id. at 1124–1125. The district court labeled this discussion "Ripeness." However, we do not view this case as involving a consideration of that concept in the jurisdictional sense suggested by Abbott Lab. v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). See also United States v. Storer Broadcasting Co., 351 U.S. 192, 197, 76 S.Ct. 763, 100 L.Ed. 1081 (1956). Rather we think the court had jurisdiction and the issue was whether it chose to exercise jurisdiction under either Act.

Indeed, early in its opinion the court concluded that "28 U.S.C. § 1337 [was] a proper jurisdictional basis for this ac-

tion." Id. at 1122. The court thus realized that it had "bare" jurisdiction to entertain GM's request for declaratory relief. This did not end the matter, though, since any decision by the court to exercise jurisdiction remained subject to its discretion. That the court ultimately exercised this discretion adversely to GM is implicit in its refusal to consider the request for declaratory relief. As the court observed it was "hard put to understand how this action could possibly be adequate for the protection of GM's statutory rights and yet the [pending] enforcement action be inadequate." Id. at 1125.

Of course, we must consider whether the court abused its discretion in declining to assume jurisdiction over GM's cause of action for declaratory relief. In this regard, we note that GM has not presented us with any arguments demonstrating that it will be unduly prejudiced if its challenge to the NHSB order is confined to the enforcement proceeding pending in the District of Columbia. We do not think that GM's business image will be significantly affected because GM will be obligated to present its position as a defendant in the enforcement action rather than as the plaintiff in this proceeding. Nor do we feel that GM's rights in the pending class action suits will be impaired.

These same considerations lead us to sustain the district court's decision declining to exercise jurisdiction under the APA. Section 704 of that Act in part authorizes judicial review of an agency action if "there is no other adequate remedy in a court. . . ." In this regard the district court concluded that "based on the facts before it" the enforcement action pending as of the date of its order provided GM with an adequate judicial remedy. Given the purpose of the National Traffic & Motor Vehicle Safety Act to foster voluntary compliance and the fact that the amount of penalties, if any, to be assessed was "frozen" before GM filed its complaint, we agree with the district court's conclusion. It could very well be that the district court's de-

cision would have been otherwise had NHSB not commenced the enforcement action within a reasonable time after the NHSB became aware of GM's intention to challenge the notification order. However, in the existing factual context we conclude that the district court was justified in declining to exercise its jurisdiction under both the Declaratory Judgment Act and the APA.

We direct that the district court's order be modified to indicate that dismissal of GM's complaint was based on a proper refusal to exercise its jurisdiction rather than a "lack of jurisdiction."

The order will be affirmed as modified.