Rocco V. Ragano and Hazel J. Ragano, His Wife v. Richard C. Rigot, Building Official of Upper St. Clair Township, and Upper St. Clair Township, Appellants.

Argued May 5, 1976, before President Judge Bow-MAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*Robert N. Hackett*, with him *David W. Craig, Sandra Beck Levine*, and *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig*, for appellants.

*William S. Hays*, for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, July 9, 1976:

Appellees, husband and wife, are equitable owners of a parcel of real estate in Upper St. Clair Township, Allegheny County. During May 1974, appellees began construction of a 40′ x 60′ concrete block building on the aforementioned lot. Thereafter, appellees discussed the possible use of the building as an automobile body shop with the then acting Building Official who assertedly gave oral permission for occupancy of the building by an automobile body repair

business.[1]  Acting in reliance upon said permission, appellees made certain improvements to the building to adapt it for use as an automboile body shop, and entered into a five year lease with tenants who occupied the building in July 1974 and commenced operation of a business.  In December 1974 the new Building Official informed appellees that the use of the building for this purpose was unlawful.  Appellees then applied for an occupancy permit, which was denied.  Although unclear in the record, both parties acknowledged in their briefs that an appeal based upon a request for a variance was subsequently denied.[2]

On April 17, 1975, appellees filed a complaint in equity and a petition for preliminary injunction against the township Building Official and Upper St. Clair Township (appellants) in the Court of Common Pleas of Allegheny County seeking to enjoin the appellants from interfering with such use of their property.  Appellants filed preliminary objections to the complaint alleging a want of equity jurisdiction in view of a statutory appeal procedure.  The lower court dismissed the preliminary objections from which order this appeal was taken.

We believe that the lower court committed legal error in dismissing appellants' objections, and therefore reverse.  This case is strikingly similar to the case of *Wyszynski v. Philadelphia*, 370 Pa. 632, 89 A.2d 355 (1952), in which the plaintiff's bill in equity was dismissed because the revocation of the occupancy permit should have been appealed under the statutory zoning appeal procedure.  In that case,

---

[1] Of course, for purposes of preliminary objections, we accept the facts as pled by plaintiffs, appellees herein. Although not specifically alleged in the complaint, we understand that a written permit was not then sought nor issued.

[2] This denial was in fact, according to the parties' briefs, appealed to the court of common pleas.

a permit had actually been issued by the municipality and money spent in reliance thereon before the revocation.[3] The Supreme Court held that the statutory remedy was exclusive, and we believe that holding controls here.

The lower court has misconceived the concept of ''adequate remedy at law.'' The adequacy of a remedy at law is not measured by the success or failure of a legal claim, but rather whether the statutory remedy provides an avenue for review of the administrative determination by which the party was aggrieved. In the case at hand, the real issue is whether appellees are entitled to an occupancy permit. The zoning hearing board in denying a variance, apparently found that they were not so entitled. Whether the zoning hearing board committed legal error in denying the variance is reviewable by the lower court as provided by Section 1006(3)(b) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11006(3)(b). Such procedure is an adequate remedy at law.

Appellees do not challenge the constitutionality of the zoning ordinance[4] or even allege its misapplication to them. They desire by means of a "reliance-estoppel" theory to obtain judicial approval of their admittedly illegal commercial use. The variance procedure is available for this purpose, and whether or not they are successful in pressing this claim, is as the Court in *Wyszynski, supra,* recognized, of "no relevancy to a determination of the *forum* in which the propriety of such action shall be adjudicated." 370 Pa. at 634-35, 89 A.2d at 356. (Emphasis in orig-

---

[3] Here only oral permission was obtained making this a weaker case in terms of reliance.

[4] Section 1004 of the MPC, 53 P.S. §11004, provides for such challenges.

inal.) The forum for review in this case is a zoning appeal as provided by statute. Appellees by invoking equity jurisdiction cannot broaden the law of zoning.

"All questions involved in zoning ordinances, whether they relate to confiscation of property or to the effect of any of the provisions of an ordinance, must be heard and considered under the remedy provided by the Zoning Acts of assembly." *Taylor v. Moore*, 303 Pa. 469, 476, 154 A. 799, 801 (1931). *See also Township of Haverford v. Spica*, 16 Pa. Commonwealth Ct. 326, 328 A.2d 878 (1974).

The order of the lower court is reversed, the preliminary objections of appellants are sustained and appellees' complaint is dismissed.