Russell D. RICHARDS and Joan C. Richards, Appellees,

v.

IOWA STATE COMMERCE COMMISSION, Appellant,

Iowa Power & Light Company, Eastern Iowa Light & Power Cooperative, Inc., Central Iowa Power Cooperative, Inc., Corn Belt Power Cooperative, Inc., Iowa-Illinois Gas & Electric Company, Cedar Falls Municipal Utilities, and Atlantic Municipal Utilities, Intervenors, Appellants,

William H. Anstey, Clarence Schrier, James E. McLaren, Stanford Pelzer, Martin Sullivan, Dorothy Stortenbecker, Herman Stortenbecker, Leo ˙ Stortenbecker, Linda Stortenbecker, Gerald Forristal, Gregory Forristal, Donald D. Goos, Barbara Goos, Gordon L. Enewold, Lynette Enewold, Arthur N. Enewold, Henry G. Johnson, Jr., and Jacqueline J. Johnson, Intervenors, Appellees.

No. 60960.

Supreme Court of Iowa.

Oct. 18, 1978.

Don Charles Uthus, Commerce Counsel, and Daniel J. Fay, Asst. Commerce Counsel, Des Moines, for appellant Commerce Commission.

Gamble, Riepe, Burt, Webster & Fletcher and Keith D. Hartje, Des Moines, for appellant Iowa Power & Light.

Wasker, Sullivan, Wheatcraft & Ward by Michael P. Joynt, Des Moines, for appellants Eastern Iowa Light, Central Iowa Power, and Corn Belt Power.

Gamble, Riepe, Burt, Webster & Fletcher, Des Moines, for appellants Iowa-Illinois Gas & Elec. and Cedar Falls and Atlantic Municipal Utilities.

Reynoldson, Van Werden, Kimes, Reynoldson & Lloyd, Osceola, for appellees Richards.

W. Edward Anstey, Centerville, for appellees Anstey, Schrier, McLaren, Pelzer, and Sullivan.

Smith, Peterson, Beckman & Willson, Council Bluffs, for appellees Stortenbeckers, Forristals, Gooses, Enewolds, and Johnsons.

UHLENHOPP, Justice.

This is an appeal by the Iowa State Commerce Commission (Commission) and the intervenor utility companies from the district court's dismissal of the third petition of Iowa Power & Light (Iowa Power) for an electric transmission line franchise. William H. Anstey and others and Dorothy Stortenbecker and others cross appeal from other portions of the district court's ruling. The petition before the Commission at the time of the district court's decision sought permission to construct a 124-mile transmission line in Iowa from a new generating plant in Council Bluffs to Booneville.

The proceedings are governed by the Iowa Administrative Procedure Act (IAPA), chapter 17A of the 1977 Code.

As a condition precedent to filing a franchise petition, a petitioner is required to hold informational meetings under § 489.2 of the 1975 Code. (All references are to that Code unless otherwise specified. Chapter 489 was renumbered 478 in the 1977 Code.) After the petition is filed the Commission is authorized to hold hearings and make a final determination as to the propriety of granting a franchise. § 489.4. The franchise sought by Iowa Power, if granted, would allow that utility to take property under eminent domain for the line. § 489.6.

Iowa Power held informational meetings in February 1976 in the affected counties and filed its first franchise petition on June 11, 1976. The Commission commenced franchise hearings in January 1977. Appellees and intervenors-appellees with them, being property owners and occupants over whose lands the transmission lines would pass, moved to dismiss the petition, arguing that the Commission lacked jurisdiction because of insufficient notice to affected landowners under §§ 489.2 (information meetings), 489.5 (notice of filing of franchise petition), and 489.6 (notice of franchise hearing), and also under Commission Rule 250–11.5(3), IAC. We will refer to these parties collectively as appellees. The Commission overruled the motion to dismiss as to the class of persons who filed timely objections and appeared at the initial franchise hearing. As to the other persons, the Commission held that notice regarding the informational meetings was sufficient but that the franchise hearing notice was insufficient. The Commission dismissed the petition but permitted Iowa Power to file a new petition with proper notice of the franchise hearings. The Commission also ruled that new informational meetings would not be required unless· Iowa Power departed materially from its original franchise petition. The Commission denied applications for rehearing by Iowa Power and the objecting parties.

A second franchise petition filed before the Commission was dismissed as defective. Iowa Power filed its third petition on March 24, 1977. Appellees, by motion to dismiss, again questioned the sufficiency of the notice and the conduct of the informa-

tional meetings. They also claimed that the Commission had failed to prescribe rules of practice and procedure pursuant to § 17A.3(1)(b). The Commission overruled the motion and an application for rehearing, and scheduled hearings on the petition. In June 1977 appellees filed a petition in district court for judicial review of intermediate agency action under § 17A.19(1). The court ruled that appellees had exhausted their administrative remedies, and granted a temporary stay of Commission proceedings. Thereafter Iowa Power filed alternative petitions for certiorari, prohibition, and supervisory control in this court. We dissolved the stay order, denied the petitions for certiorari and prohibition, overruled the petition for supervisory control, and denied a subsequent petition for rehearing.

Thereafter the trial court resumed its proceedings for judicial review of intermediate action by the Commission (not final action by the Commission granting or denying the franchise petition). After trial the court dismissed the franchise petition before the Commission. The court held that the informational meetings as conducted did not satisfy the requirements of § 489.2. The court also held however that the notice requirements were satisfied and that the Commission had adopted adequate rules of procedure.

Thereafter the Commission and the intervenor utility companies appealed to this court under § 17A.20 from the district court's decision. William H. Anstey and others and Dorothy Stortenbecker and others filed cross appeals. We stayed the district court's decision and ordered a limited remand to that court for additional findings and conclusions. The remand having been completed, the appeal is again before us.

The parties present a number of issues but we find the first one to be determinative: whether the trial court erred in entertaining judicial review of the instant intermediate agency action.

■ I. The Commission's order overruling a motion to dismiss Iowa Power's third franchise petition was "agency action" under § 17A.2(9). That subsection provides:

"Agency action" includes the whole or a part of an agency rule or other statement of law or policy, order, decision, license, proceeding, investigation, sanction, relief, or the equivalent or a denial thereof, or a failure to act, or any other exercise of agency discretion or failure to do so, or the performance of any agency duty or the failure to do so.

Section 17A.19 provides that unless another statute expressly states otherwise, the provisions of IAPA constitute the exclusive means of judicial review of agency action. See § 489.32. Next it provides that an aggrieved or adversely affected party who has exhausted his administrative remedies may have judicial review of "final" agency action. (We need not consider whether appellees satisfied the requisite of an "aggrieved" or "adversely affected" party.) Section 17A.19 then provides:

A preliminary, procedural, or intermediate agency action is immediately reviewable *if all adequate administrative remedies have been exhausted and review of the final agency action would not provide an adequate remedy.* (Italics added.)

■ The provisions of § 17A.19 are jurisdictional and must be met. *Iowa Public Service Co. v. Iowa State Commerce Comm'n,* 263 N.W.2d 766, 769 (Iowa). Since review of agency action is purely statutory, *id.* at 768, the "procedure prescribed by the statute must be followed in seeking the review especially those particulars which are jurisdictional or mandatory. . . ." 2 Am.Jur.2d Administrative Law § 716 at 618. A contrary rule "would inundate the courts with innumerable appeals, initiated without statutory foundation, and frequently of a petty or unmeritorious character." *McAuliffe v. Carlson,* 30 Conn.Supp. 118, 121, 303 A.2d 746, 748 (judicial review under the Uniform Administrative Procedure Act).

■ Thus a party seeking judicial review of intermediate agency action under § 17A.19(1) must show compliance with the section's provisions in particular both that (1) adequate administrative remedies have

been exhausted *and* (2) review of the final agency action would not provide an adequate remedy. With regard to these requirements the lower court concluded that "the Plaintiff-Appellants here have exhausted their adequate and all adequate remedies before the Commission."

II. We need not consider the first requirement. On review of the record we conclude that the second requirement was not met in this case. Since both requirements must be satisfied before intermediate judicial review is permitted, the failure to meet one requirement disposes of the issue.

The record before us regarding satisfaction of the second requirement is virtually nonexistent. The district court made no finding on this requirement and appellees' briefs do not treat the issue. The only attempt to show satisfaction of this requirement is in the objecting parties' brief before the trial court. The brief implies that final review of the agency action would be inadequate because, if the hearings were continued and the franchise were granted, construction of the line could commence before final judicial review of the proceedings was completed.

Appellees are theoretically correct that construction is possible—IAPA provides that final agency action may be implemented even though final judicial review has been sought. § 17A.19(5). This is true in all cases where agency action is final. The legislature realized however that immediate implementation of final agency action would render some questions moot, thereby denying effective judicial review. To prevent unfairness the legislature provided that when judicial review of final agency action is sought, the district court can stay implementation of agency action in appropriate circumstances. § 17A.19(5).

The statutory procedure for stay does not guarantee a grant of stay, and the possibility exists in a given case that one or more issues could be mooted before judicial review is completed. But this possibility exists as to all parties similarly situated, and a party seeking to meet the second requirement for intermediate judicial review must show more than the possibility that a district court will not stay the final agency action. The second requirement would be practically meaningless if it only required an assertion that a judge might not stay final agency action; every party seeking intermediate review could satisfy the requirement.

Likewise, expenses incident to completion of the administrative proceeding do not justify intermediate judicial review. 2 Am.Jur.2d Administrative Law § 586 at 417. See also *Petroleum Exploration, Inc. v. Public Service Comm'n,* 304 U.S. 209, 221–222, 58 S.Ct. 834, 840–841, 82 L.Ed. 1294, 1302–1303. Again all parties seeking intermediate review could meet the second requirement if expenditure of funds in the administrative proceeding rendered final review an inadequate remedy. In order to satisfy the second requirement for intermediate review, a party must show the existence of other reasons, peculiar to the party's own case, which make final review an inadequate remedy.

III. Determination of the adequacy of a remedy has been extensively considered in cases involving equitable relief. Courts hold that a remedy is adequate if it is "clear, complete, and as practical and efficient to the ends of justice and its proper administration as a remedy in equity." *Farmers & Traders Bank v. Kendrick,* 341 Mo. 571, 575, 108 S.W.2d 62, 64 (action in equity to set aside a fraudulent conveyance). See also *State v. Huwe,* 103 Ohio St. 546, 556, 134 N.E. 456, 459 ("an adequate remedy is one that affords relief with reference to the matter in controversy, and is appropriate to the particular circumstances of the case"—mandamus allowed); *Local Union 499 of International Brotherhood of Electrical Workers v. Iowa Power & Light Co.,* 224 F.Supp. 731, 738 (S.D.Iowa) ("An adequate remedy at law means a remedy which is plain and complete and as practical and efficient to the ends of justice and its prompt administration as a remedy in equity by injunction"—motion for temporary injunction denied).

One court has stated that the adequacy of a remedy at law is measured by "whether the statutory remedy provides an avenue for review of the administrative determination by which the party was aggrieved." *Ragano v. Rigot*, 25 Pa.Cmwlth. 428, 360 A.2d 779, 781 (decision of zoning board reviewable by lower court; procedure was an adequate remedy at law).

■ Examination of the present case indicates that judicial review of the final agency action would provide appellees with an adequate remedy. In the proceeding before the lower court appellees alleged that the Commission's action violated statutory provisions of chapters 489 and 17A. Appellees' major objections were that proper notice of the informational meetings was not given, contrary to § 489.2; that the informational meetings were not conducted properly, contrary to § 489.2; and that the Commission had failed to adopt rules of procedure, as required by § 17A.3. All of the issues raised in the lower court were preserved before the agency and could be heard on review of the final agency action. Appellees moved to dismiss on the basis of these objections. The motions were overruled but appellees had their record for later judicial review. That each issue raised in the intermediate proceeding could be heard in the final review is telling proof that final review is an adequate remedy. *General Motors Corp. v. Volpe*, 321 F.Supp. 1112, 1125–1126 (D.Del.), aff'd, 457 F.2d 922 (3 Cir.).

Several factors bolster the conclusion that appellees' issues can be heard on final review. First, the same standing requirements apply in both review situations; if these parties are aggrieved or adversely affected by the final agency action, they would have a right to seek final judicial review. § 17A.19(1). Second, the same relief is available in both review situations. § 17A.19(8). Third, the same standard of review is applicable. § 17A.19(8). Appellees have not shown that these three principles do not apply to their particular situation. Furthermore, final review in this case would appear to provide a more complete remedy than intermediate review since all issues regarding the franchise proceedings could then be determined.

■ Appellees have not shown that waiting for final review would work hardship on them. They are not being ordered to take any action in the interim, and no penalties, civil or criminal, would accrue by waiting for final review. Requiring appellees to wait for final review is not the practical equivalent of a decision on the substantive issue as in mootness situations. See *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123; *Eastern Utilities Associates v. SEC*, 162 F.2d 385 (1 Cir.); Davis, Administrative Law of the Seventies, § 20.01 at 447–448 (1976). The delay may be inconvenient to the parties, but this does not affect the adequacy of the remedy. *Clearwater Timber Protective Ass'n v. District Court of Second Judicial Dist. in and for County of Clearwater*, 84 Idaho 129, 136, 369 P.2d 571, 575.

On the whole, judicial review of final agency action here would appear to provide appellees with an adequate remedy. The remedy is clearly set forth in the statute, all of appellees' issues can be adequately considered at that time, and proper relief can be prescribed. The facts do not indicate any special circumstances in the present situation which negate this conclusion.

IV. Appellees urge us to make an exception to the requirements for intermediate judicial review imposed by § 17A.19(1). They argue that where the jurisdiction of the agency is questioned, intermediate review can be afforded although the statutory prerequisites do not exist. We need not decide whether such an exception exists. Assuming arguendo it does, it does not apply here.

The law in this area has been summarized as follows in 73 C.J.S. Public Administrative Bodies & Procedure § 42 at pp. 357–358:

The rule that a litigant must first invoke and exhaust the administrative remedies before seeking judicial relief . . .

has been declared to be inapplicable where the defect urged goes to the jurisdiction of the administrative agency, at least where the complaint raises an issue of the jurisdiction of the agency as a mere legal question, not dependent on disputed facts. Nevertheless in some cases it has been broadly stated that the rule as to the exhaustion of administrative remedies applies just as forcibly when the contention is made that the agency lacked jurisdiction over the subject matter.

At any rate, where the jurisdiction of the administrative agency depends on a factual inquiry, some courts decline to intervene until the agency has determined the question of its jurisdiction, and especially do such courts decline to exercise their original jurisdiction where the statute provides for a judicial review of the decision of the agency.

See also 2 Am.Jur.2d Administrative Law § 604 at 440–441:

[T]here is no question that an obvious lack of jurisdiction accompanied with irreparable injury asserts a grave claim on the power of the courts. In some instances, the exhaustion doctrine has not been applied where the defect urged by the complaining party went to the jurisdiction of the administrative agency or the existence of its power to do the act complained of, as distinguished from a defect arising from a mere error of the administrative agency in passing upon the merits, *at least where the jurisdictional issue, as a mere "question of law" did not depend upon disputed facts, so that an administrative denial of the relief sought would have been wholly without evidentiary support, clearly arbitrary, and would not upon well settled principles have concluded the courts.* (Italics added.)

As these statements indicate, the exception has been applied where the jurisdictional issue was a question of law not dependent on disputed facts. The trial court did not have a pure legal question here. Appellees have stated that "the method of

conducting said informational meetings is in dispute among the parties." In addition, the trial court and the Commission are in disagreement regarding the conduct of the informational meetings.

Under § 489.2, the following requirements must be met:

As conditions precedent to the filing of a petition with the commission requesting a franchise for a new transmission line, and not less than thirty days prior to the filing of such petition, the person, company, or corporation shall hold informational meetings in each county in which real property or rights therein will be affected. A member of the commission, the counsel of the commission, or a hearing examiner designated by the commission shall serve as the presiding officer at each meeting and present an agenda for such meeting which shall include a summary of the legal rights of the affected landowners. No formal record of the meeting shall be required.

The meeting shall be held at a location reasonably accessible to all persons, companies, or corporations which may be affected by the granting of a franchise.

The Commission concluded that the informational meetings conducted by Iowa Power satisfied the statutory requirements. It found:

Informational meetings were held in February, 1976. The petition was filed on March 24, 1977. The thirty-day requirement has, therefore, been met. The meetings were held in all five affected counties. A person designated by the Commission, Mr. Charles Tefft, served as the presiding officer at each meeting. A summary of legal rights was read at each meeting. The meetings were held at a reasonably accessible location. The sites of the meetings were selected by the Petitioner and approved by this Commission.

Testimony in the record indicates that people had difficulty hearing the Commission representative and employees of the Petitioner during the meetings, there may not have been enough seats for ever-

yone, time limits may have been placed upon the length of the meetings, many questions went unanswered, not enough copies of legal rights were provided by the Commission, and no instructions were given as to how objections could be filed.

The Commission appreciates the time of those who came and testified on this issue. Their testimony has provided us with an opportunity to evaluate the effectiveness of these meetings, and indicated in some instances where the procedure may need to be improved. However, we fail to see the relevance of any testimony in regard to the conduct of informational meetings without a showing that such conduct has caused injury. In light of the purpose of informational meetings, such injury would follow if a person went to the meeting and later signed an easement without being told at the meeting that he or she had a right to object. No such person testified at the May 23–24, 1977 proceeding.

The trial court, however, did not limit itself to the above findings but reviewed "the transcript of the hearings and testimony and evidence presented before the Commission in total," concluding that the informational meetings were improperly conducted and expanding the Commission's findings of fact. Thus the Commission found that a summary of legal rights was read at each meeting but the trial court found that "fourteen 'rights' were read by the Commission representative to the people attending the meetings, and seven 'rights' were not read to them, and 'Right No. 16' . . . has seven 'sub-rights' . . . ." The court concluded that the "evidence and testimony before the Commission clearly and substantially shows that affected persons attending the informational meetings were not sufficiently and adequately informed of their legal rights regarding the proposed project by the Utility Company." The court also found that the "Utility Company dominated the informational meetings with information presented to the persons present about how good the transmission line project would be for them and other communities to be serviced by it."

The Commission had made no finding of fact regarding this aspect of the meetings.

Thus the trial court's review, encompassing findings of disputed facts, deals with the merits of the controversy; it is not a review of undisputed facts showing no jurisdiction by the agency as a matter of law.

The case law suggests that the present situation does not fall within the purported exception based on absence of agency jurisdiction. The leading case is *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210. There the Court decided the issue of whether unlawful and harmful action by the NLRB was reviewable apart from normal statutory review procedure. The Board had designated a bargaining unit as appropriate without taking a vote of the included professional employees as mandated by statute. The Court held that the district court had jurisdiction of the suit, stating that " 'absence of jurisdiction of the federal courts' would mean 'a sacrifice or obliteration of a right which Congress' has given professional employees, for there is no other means, within their control . . . to protect and enforce that right." *Id.* at 190, 79 S.Ct. at 185, 3 L.Ed.2d at 215.

Appellees do not present such a case as *Leedom*. Judicial review of the final agency action is an adequate remedy within appellees' control, and the alleged jurisdictional defect is not as obvious as in *Leedom*. The Board in *Leedom* took action which the statute said the Board *shall not take* without a prior vote. The trial court here was forced to make its own findings of fact and to resort to the statute's legislative history in order to conclude that the Commission lacked jurisdiction. This difference is crucial.

Another leading case is *Pepsico, Inc. v. FTC*, 472 F.2d 179, 187 (2 Cir.), cert. den. 414 U.S. 876, 94 S.Ct. 44, 38 L.Ed.2d 122. There the court of appeals assumed arguendo that the exception exists but described it as applying where "an agency refuses to dismiss a proceeding that is *plainly beyond its jurisdiction as a matter of law or is being conducted in a manner that cannot*

**624**

*result in a valid order."* (Italics added.) The present record does not rise to that level. Furthermore, irreparable harm should appear, as stated in *Thomas v. Ramberg*, 240 Minn. 1, 5, 60 N.W.2d 18, 20–21:

> [A]bsent a showing that plaintiff is faced with the actual or imminent peril of sustaining irreparable harm—that is, real and serious injury—if the pending administrative proceedings are continued to their final completion, the sole allegation that the administrative agency has or is about to exceed its jurisdiction is not of itself sufficient to invoke injunctive relief to enable a court to examine forthwith the basis of the agency's jurisdiction.

Appellees have not shown irreparable harm justifying court intervention prior to the review of final agency action. Their property cannot be taken prior to the agency's final determination as to whether to grant or not grant a franchise, at which time judicial review will provide an adequate remedy.

 Finally, the court stated in *Frito-Lay, Inc. v. FTC*, 380 F.2d 8, 10 (5 Cir.):

> Where Congress has provided an adequate procedure for judicial review of administrative actions, that procedure must be followed. Only in extraordinary cases will parties be allowed to deviate from this statutory course . . . . .

Appellees here have not shown sufficient reason for deviating from the statutory course. A case falling under the lack of jurisdiction exception might have been presented if informational meetings had not been held or if the franchise petition was filed before a different agency or if the appellees could show they would be irreparably harmed unless immediate review was had. But we hesitate to adopt and apply the claimed exception in a case where the parties have an adequate remedy, they will not be irreparably harmed by waiting for review of final agency action, and the jurisdictional question presented is not merely one of law but depends on disputed facts. If disappointed parties to an administrative proceeding can interrupt the proceeding by interlocutory judicial review, without complying with statutory prerequisites, orderly administrative process will be frustrated. On the present record we find that the claimed want of jurisdiction exception does not apply.

The second requirement for judicial review of intermediate agency action—"review of final agency action would not provide an adequate remedy"—does not appear here. The trial court should have dismissed the petition for judicial review. We thus overturn the trial court's decision and vacate the stay order previously granted by this court.

REVERSED.

All Justices concur except REYNOLDSON, C. J., and McGIVERIN and LARSON, JJ., who take no part.