**PRO FARMER GRAIN, INC.,**
Appellant,

v.

**IOWA DEPARTMENT OF AGRICUL-
TURE AND LAND
STEWARDSHIP, Appellee.**

No. 87–1433.

Supreme Court of Iowa.

Aug. 17, 1988.

Rehearing Denied Sept. 15, 1988.

Peter C. Riley, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., and Stephen Moline, Asst. Atty. Gen., for appellee.

CARTER, Justice.

Petitioner, Pro Farmer Grain, Inc., appeals from the district court's dismissal of its petition for judicial review of "preliminary, procedural or intermediate agency action" pursuant to Iowa Code section 17A.19(1) (1987). The only issue presented is whether the district court correctly concluded that petitioner had not exhausted all adequate administrative remedies. Because we find the district court's determination of that question was correct, we affirm its judgment.

Petitioner is an Iowa licensed grain dealer and warehouse operator. On June 18, 1987, the Iowa Department of Agriculture and Land Stewardship (the agency) temporarily suspended its license because of alleged recordkeeping violations. On August 10, 1987, following a contested case hearing at which some evidence of grain shortages was presented, an agency hearing officer issued a proposed decision which called for the revocation of petitioner's license. Under agency regulations, petitioner had twenty days to file an intra-agency appeal from that proposed decision to the highest level within the agency. It did not do so. Instead, it filed a petition for judicial review of the merits of the proposed decision and requested a stay of further agency action including the temporary suspension then in force.

The district court granted a temporary stay order which was ultimately rescinded when, on October 8, 1987, that court concluded petitioner's action for judicial review should be dismissed for failure to exhaust administrative remedies. That is the decision which is before this court on appeal.

The petitioner concedes the proposed agency decision which was the subject of its petition for judicial review does not represent the final agency action in this matter. Consequently, it recognizes that it must sustain its right to judicial review under the provisions of Iowa Code section 17A.19(1), which provides:

A preliminary, procedural or intermediate agency action is immediately reviewable if all adequate administrative remedies have been exhausted and review of the final agency action would not provide an adequate remedy.

This statutory provision was discussed in *Richards v. Iowa State Commerce Commission*, 270 N.W.2d 616, 619–20 (Iowa 1978), where we observed:

[A] party seeking judicial review of intermediate agency action under § 17A.19(1) must show compliance with the section's provisions in particular both that (1) adequate administrative remedies have been exhausted *and* (2) review of the final agency action would not provide an adequate remedy.

*Id.*

The agency, relying on *Richards* and *Grimm v. Iowa Department of Revenue*, 331 N.W.2d 137, 139 (Iowa 1983), urges that (a) an adequate administrative remedy was available and was not exhausted by the petitioner, and (b) petitioner has failed to show that a review of the final agency action would not have provided an adequate remedy. Petitioner responds by asserting that irreparable injury would have

occurred if it had waited for the agency action to become final. It bases this contention primarily on the fact that the harvest season was rapidly approaching at the time the proposed decision was issued on August 10. Petitioner contends that because of that circumstance any additional delay in seeking relief from the pending temporary suspension of its license and the proposed revocation of its license would have caused it to lose revenues beyond its capacity to survive.

We believe petitioner's argument tends to confuse the remedies available for securing an adequate review of the proposed decision on the merits and the remedies available to obtain relief from a license suspension or revocation pending final determination of the merits. Viewing these issues separately, we conclude there was an adequate administrative remedy for review of the proposed agency decision on the merits. Moreover, judicial review of the final agency action on the merits would have ultimately provided an adequate remedy for restoring petitioner's license in the event the agency's action was unwarranted.

What petitioner is arguing is that because a final agency decision would not have been forthcoming for at least twenty days and may have taken much longer, the review of the final decision, when forthcoming, would not protect against sanctions in force while the litigation was proceeding. Petitioner faced two potential obstacles in this regard. First, a temporary order of suspension had been imposed on June 18, 1987, which might have remained in force until the final agency decision.[1] Second, if the final agency order adopted the proposed decision, petitioner's license would have been revoked pending judicial review of the final agency order.

An example of the second obstacle faced by petitioner was presented to this court in *Richards* and was declared to be an insufficient reason to authorize a premature review of intermediate agency action. We stated in this regard:

The statutory procedure for stay does not guarantee a grant of stay, and the possibility exists in a given case that one or more issues could be mooted before judicial review is completed. But this possibility exists as to all parties similarly situated, and a party seeking to meet the second requirement for intermediate judicial review must show more than the possibility that a district court will not stay the final agency action. The second requirement would be practically meaningless if it only required an assertion that a judge might not stay final agency action; every party seeking intermediate review could satisfy the requirement.

*Richards*, 270 N.W.2d at 620.

With respect to the additional feature of this case not presented in *Richards*, i.e., the temporary suspension order, we conclude this circumstance does not warrant a departure from the established requirements for exhaustion of remedies. To hold otherwise would be to allow petitioner to challenge the temporary suspension order through a premature judicial review of the merits of the controversy. This should not be allowed.[2]

The course of action which petitioner elected to pursue was not the only one available to it in seeking relief from the temporary suspension. It could have sought relief from that order from the agency. If that course of action had failed,

---

1. The temporary license suspension had been in effect 53 days at the time the proposed decision calling for revocation of license was issued. Petitioner did not seek administrative or judicial relief from the temporary suspension prior to seeking judicial review from the proposed decision.

2. We do not agree that petitioner's attempted course of action finds support in *Salsbury Laboratories v. Iowa Department of Environmental Quality*, 276 N.W.2d 830, 837 (Iowa 1979). The

suggestion in the *Salsbury* case that review of intermediate agency orders may be permitted where irreparable harm would result from delaying the issues for final agency consideration, was in reference to challenging the validity of the applicable enabling legislation. Even in the latter situation, some exhaustion requirements may exist as recognized in *Tindal v. Norman*, —— N.W.2d ——, —— (Iowa 1988), and *Shell Oil Co. v. Bair*, 417 N.W.2d 425, 429 (Iowa 1987).

this issue could have been made the basis for an action for judicial review of intermediate agency action involving only the issue of temporary suspension. The latter action could have included a request for a stay of the challenged action pending its determination.

The exhaustion of remedies requirement is a highly utilitarian principle of administrative law both as an expression of administrative autonomy and a rule of sound judicial administration. The agency has been legislatively created as an entity vested with its own powers and duties. It should be free to work out its own problems, and courts should not interfere with its work until the agency has completed its task. *See PERB v. Stohr*, 279 N.W.2d 286, 290 (Iowa 1979). Courts should neither anticipate the final administrative decision on their own nor intervene before the final decision at the highest agency level has been formulated. We find these reasons for requiring exhaustion of administrative remedies are fully applicable to the situation involved in the present controversy.

For the reasons discussed, we affirm the judgment of the district court. The stay of agency action previously ordered by this court is rescinded effective fourteen days following the filing of this opinion.

AFFIRMED.