Daniel L. COTA, Appellant,

v.

IOWA ENVIRONMENTAL PROTEC-
TION COMMISSION and Iowa Depart-
ment of Natural Resources, Appellees.

No. 91–1244.

Supreme Court of Iowa.

Oct. 21, 1992.

Carlton G. Salmons of Austin, Gaudineer, Austin, Salmons & Swanson, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., and David R. Sheridan, Asst. Atty. Gen., for appellees.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

Petitioner, Daniel L. Cota, challenges the dismissal of his petition for judicial review of preliminary agency action because of his failure to exhaust administrative remedies. He sought direct judicial review of an emergency order of the Department of Natural Resources requiring him to fence a contaminated area. The appellees named in this appeal are the Iowa Department of Natural Resources (the DNR) and the Iowa Environmental Protection Commission. Because the latter is a commission within the DNR and acts as the alter ego of that agency, we hereafter refer only to the DNR as the affected agency. After considering the arguments of the parties, we affirm the judgment of the district court.

Sometime in the the spring of 1990, the DNR discovered evidence of contaminated wastewater and barrels containing hazardous chemicals on lands located on Southeast Fourteenth Street in Des Moines. At one time, this property had been owned by a corporation known as Cota Industries, Inc. Daniel L. Cota (Cota) was at one time the principal shareholder of that corporation. Prior to appellees' discovery of the hazardous condition of the property, he had sold all of his stock in the company.

On March 28, 1990, the DNR director issued an emergency order directing Cota and certain other parties to construct and maintain a fence around the property on Southeast Fourteenth Street. The order further requested that a qualified person be obtained to provide the DNR with an environmental site assessment of this property. This emergency order, issued without notice or hearing, was mailed to Cota who, at the time, was a resident of Arizona.

The last paragraph in the emergency order provided:

This Order is binding and effective immediately and until the Order is modified or vacated by the Environmental Protection Commission or by a District Court. You may request a stay of the Order by contacting the director by telephone or by delivering a written request for a stay to the Department. Upon request for a stay, a hearing will be scheduled within five days.[1]

Cota did not seek a stay nor otherwise challenge the order before the DNR. Rather, he proceeded directly to district court with a petition for review of agency action pursuant to Iowa Code section 17A.19 (1989).

The merits of Cota's challenge to the emergency order in the district court involve claims that (1) the order could not be issued absent notice and opportunity to be afforded contested case procedure; (2) to the extent section 455B.388(1) purports to authorize such an order without notice and hearing, that statute violates the due process clause of the federal and state constitutions; and (3) the order was in excess of the agencies' statutory authority, as applied to Cota, because he no longer had any interest in the subject premises.

The district court did not consider Cota's petition for judicial review on the merits. That court sustained the DNR's motion to dismiss that petition on the ground that Cota had failed to exhaust administrative remedies as required by Iowa Code section 17A.19(1) (1989). Cota has appealed from that ruling.

Cota urges that two statutes authorize his going directly to the district court to seek relief from the agency's emergency order. These are:

If it is determined by the director that an emergency exists respecting any matter affecting or likely to affect the public health, the director may issue any order necessary to terminate the emergency without notice and without hearing. Any such order shall be binding and effective immediately and until such order

is modified or vacated at a contested case hearing before the commission or by a court.

Iowa Code section 455B.388(1) (1989), and

Judicial review of any order or other action of the commission or of the director may be sought in accordance with the terms of chapter 17A. Notwithstanding the provisions of chapter 17A, petitions for judicial review may be filed in the district court of the county in which the alleged hazardous condition occurred.

Iowa Code section 455B.389 (1989).

We are unable to interpret either section 455B.388(1) or section 455B.389 as authorizing immediate judicial review of the challenged agency order. Section 455B.389 specifically states that judicial review of orders by this agency may be "sought in accordance with the terms of chapter 17A." We recognized that the quoted language implicates all of the procedural requirements of chapter 17A, including the exhaustion rule in *Pruess*, 477 N.W.2d at 678. To the extent that section 455B.388(1) alludes to modification of emergency orders by "a court," we believe that this contemplates action taken by a court in accordance with chapter 17A.

Chapter 17A does contemplate that, in some limited situations, preliminary or intermediate agency action is immediately reviewable in the district court. This recognition is found in the language of section 17A.19(1), which states "preliminary, procedural or intermediate agency action is immediately reviewable if all adequate administrative remedies have been exhausted and review of the final agency action would not provide an adequate remedy." We considered the circumstances in which judicial review of preliminary or immediate agency orders is permitted under section 17A.19(1) in *Pro Farmer Grain, Inc. v. Iowa Department of Agriculture*, 427 N.W.2d 466 (Iowa 1988). There, the petitioner sought judicial review of a temporary license suspension and proposed permanent license

---

**1.** The agency's procedure for considering requests for stay of emergency orders under 561 Iowa Administrative Code 7.17(1)(a) was considered in *Pruess Elevator, Inc. v. Iowa Department of Natural Resources*, 477 N.W.2d 675, 677–78 (Iowa 1991).

suspension. In requiring exhaustion of administrative remedies, we stated:

> The course of action which petitioner elected to pursue [immediately seeking review by the district court] was not the only one available to it in seeking relief from the temporary suspension. It could have sought relief from that order from the agency. If that course of action had failed, this issue could have been made the basis for an action for judicial review of intermediate agency action involving only the issue of the temporary suspension. The latter action could have included a request for a stay of the challenged action pending its determination.

*Id.* at 468–69.

We do not believe that the statutory provisions for review of "preliminary, procedural or intermediate agency action" aids Cota in the present case. The reasons he has advanced for bypassing the agency are even less persuasive than those that were rejected in *Pruess*, 477 N.W.2d at 677–78, and *Pro Farmer Grain*, 427 N.W.2d at 468–69. Instead of suggesting reasons why the delay that would ensue from further agency proceedings would prejudice him, Cota argues that he had a right to forego further proceedings before the agency based on statutory authorization outside of chapter 17A and under a claimed exception applicable to "constitutional issues."

We have stated our views as to why Cota's claim of statutory authorization outside of chapter 17A is without merit. We also conclude that the facts of the present case do not support an exception to the exhaustion requirement for litigating alleged constitutional infirmities in the agency's order. As we recognized in *Shell Oil Co. v. Bair*, 417 N.W.2d 425, 429 (Iowa 1987), "where the constitutional issues sought to be raised directly affects a matter pending before an agency, administrative exhaustion should ordinarily precede a judicial inquiry into the statute's validity." We see no reason to depart from that requirement here.

We have considered all issues presented and find no basis for disturbing the judgment of the district court. That judgment is affirmed.

**AFFIRMED.**