# IN THE COURT OF APPEALS OF IOWA

No. 16-1084
Filed November 8, 2017

**WELLS PHARMACY NETWORK, L.L.C.**
Plaintiff-Appellant,

**vs.**

**IOWA BOARD OF PHARMACY,**
Defendant-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

A pharmacy appeals the district court's ruling dismissing its petition for immediate judicial review of an agency's procedural order prior to the scheduled contested case hearing. **AFFIRMED.**

Michael M. Sellers of Sellers, Galenbeck & Nelson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Meghan L. Gavin, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

This case involves the interplay of the doctrine of exhaustion of administrative remedies and the statutory provision allowing immediate judicial review of a procedural order. An administrative procedural ruling is subject to immediate judicial review if two conditions are satisfied: "[1] all adequate administrative remedies have been exhausted *and* [2] review of the final agency action would not provide an adequate remedy." Iowa Code § 17A.19(1) (2015). Upon our review, we affirm the district court's dismissal of Florida-based Wells Pharmacy Network, L.L.C.'s petition seeking immediate judicial review of the Iowa Board of Pharmacy's procedural order prior to the scheduled contested case proceeding. *See Salsbury Labs. v. Iowa Dep't of Enviorn Quality*, 276 N.W.2d 830, 837 (Iowa 1979) ("Under section 17A.19(1), however, an inadequate administrative remedy still must be exhausted if judicial review from the final agency action is adequate. This test is not so easily met.").

*Agency Action.* On November 4, 2015, the board commenced a contested case proceeding by issuing a "statement of charges and notice of hearing" against Wells. Wells responded with a "combined motion to dismiss and memorandum" as to the first four counts charged.[1] After conducting a hearing, the board's written ruling noted the "motion to dismiss tests the legal sufficiency of a challenged pleading," addressed the pharmacy's challenge to each count in detail, and denied the motion.[2]

---

[1] The final two counts concerned the pharmacy's failure to report the discipline assessed against it by the state of Maine.
[2] The board's January 2016 ruling stated: count I (dispensing a prescription without verifying a valid patient-practitioner relationship), the correction of a scrivener's error to

*Wells Petition for Judicial Review.* Prior to the contested case hearing scheduled for March 2016, Wells sought immediate judicial review by filing a "petition for judicial review and request for stay." Wells alleged the board's "procedural order [is] reviewable under Iowa Code section 17A.19(1)," claiming it "should not be forced to proceed through a time-consuming and expensive fact finding process." Wells asked the district court to remand with directions for the board to grant its motion to dismiss the four charges.

*Board Motion to Dismiss Judicial Petition.* In response, on February 18, 2016, the board filed a motion to dismiss the petition under the doctrine of exhaustion of administrative remedies, which provides the pharmacy may obtain judicial review of agency action only after that action is officially sanctioned and thereafter reviewed within the agency to the fullest extent provided by law. *See North River Ins. Co. v. Iowa Div. of Ins.*, 501 N.W.2d 542, 545 (Iowa 1993); *see also City of Des Moines v. City Dev. Bd.*, 633 N.W.2d 305, 309 (Iowa 2001) (noting the doctrine "exists principally to prevent courts from interfering with the administrative process until it has been completed"). The board argued "Wells is essentially asking this court to grant [an] immediate judicial review of a procedural ruling," and while there is a "narrow exception" to the statutory "requirement for final agency action," the pharmacy's petition does not meet

charge the applicable administrative rule leaves the pharmacy with sufficient time to prepare for the hearing; count II (regularly compounding commercially available products) the issue requires factual determinations after an evidentiary hearing; count III (failing to provide records to the board in a timely matter) the board's rules do not use different timeliness standards for its non-emergency record requests; and count IV (failure to perform a prospective drug use review) the charge is adequately pled, and if Wells "requires additional articulation" of the facts supporting the count, it may take action under the administrative rules to (1) file a request for a more definite and detailed statement and (2) conduct discovery to obtain additional information.

either of the requirements for "immediate review." *See Pro Farmer Grain v. Iowa Dep't of Agric.*, 427 N.W.2d 466, 467 (Iowa 1988); *Richards v. Iowa State Commerce Comm'n*, 270 N.W.2d 616, 619 (Iowa 1978). The board concluded, if the district court finds Wells has made "a valid request for immediate judicial review, every prehearing order in a contested case would be subject to such review, undermining the entire administrative law scheme."

*Pharmacy Resistance to Motion to Dismiss.* Wells resisted, claiming it was entitled to proceed under the "futility exception" as the exhaustion doctrine "has never been thought to be absolute." *Salsbury Labs.*, 276 N.W.2d at 837. Therefore, if the pharmacy board "is incapable of granting the relief sought during the subsequent administrative proceedings, a fruitless pursuit of these remedies is not required." *Id.* As to the board being "incapable" and later proceedings being "fruitless," Wells argued it had "presented matters of law to the board in a motion to dismiss, and obtained a ruling. There is no indication or likelihood that the board will modify its ruling." Thus, the "available administrative remedy has been exhausted and re-litigation of issues is futile." Finally, "Wells submits that it should not be required to litigate matters of law *twice before the same agency* to achieve exhaustion of administrative remedies."[3]

---

[3] As noted before the district court, Wells argued the board should not have a *second chance* during a contested case hearing as such a hearing would be "futile." On appeal and for the first time, Wells contends that the board *already had* "two chances to review its jurisdiction; once while charging Wells and again when Wells's motion to dismiss was presented[, that] is enough." Because this argument was not presented to the district court, we decline to consider it on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (ruling it is not a sensible exercise of appellate review to resolve an issue without the benefit of a lower court determination). In any event, under the district court's thorough analysis, this argument is similarly meritless.

*District Court Ruling.* The district court's April 5, 2016 order granted the board's motion to dismiss the petition for judicial review, stating chapter 17A "serves an important check on agency decision-making, ensuring the agency has a chance to correct mistakes before the decision is sent to the district court." The court found persuasive the following quote from the Iowa Supreme Court:

> [A]lthough the Sierra Club argues it would be futile to ask the agency to reverse its own prior decision, we do not agree with this position. For more than thirty-five years, agencies in this state have decided many issues within their purview. We have no evidence to suggest agencies will conduct declaratory order proceedings in a biased, unprofessional manner and without regard for the rules promulgated by the legislature. As one [Pennsylvania] court aptly noted, "[c]ourts should not lightly assume the futility of a party's pursuing an administrative remedy; instead, it is to be assumed that the administrative process, if given the opportunity, will discover and correct its errors."

*Sierra Club Iowa Chapter v. Iowa Dep't of Transp.*, 832 N.W.2d 636, 647-48 (Iowa 2013) (citation omitted). Despite Wells's belief "another decision is not possible," the district court found the pharmacy board "is capable of granting the relief sought and should be afforded a chance to correct errors it might find." Thus, "Wells has not demonstrated" the pharmacy board "is incapable of granting the relief sought. At this time, Wells has not given" the pharmacy board "a chance to correct its own errors, should it find any." The court dismissed Wells's petition for judicial review for failing to exhaust "all administrative remedies."

*Post-ruling Litigation.* Wells filed motion to amend and enlarge in April 2016, arguing "because the agency failed to correct errors of law when given one full and clear opportunity to do so, further attempts are futile and unnecessary. A petition for judicial review is now appropriate." On June 22, the district court summarily denied the motion, affirming the entirety of its prior ruling.

*Wells's Current Appeal.* On June 24, 2016, Wells filed a "notice of interlocutory appeal." The supreme court granted a stay of agency action pending resolution of the appeal and accepted the appeal as an appeal taken as a matter of right, not as an interlocutory appeal.[4] On appeal, Wells acknowledges its petition asked the district court to review an "intermediate agency order" and seeks a remand for the district court to consider its petition for judicial review. We review for correction of errors at law. *Ghost Player, L.L.C. v. State*, 860 N.W.2d 323, 326 (Iowa 2015). We find no error in the district court's thoughtful analysis, and we agree with the court's reasoning and conclusions. Further discussion would not augment or clarify existing case law. *See* Iowa Ct. R. 21.26(1)(a), (c)-(e). We therefore affirm by memorandum opinion.

**AFFIRMED.**

**SUMMARY**

This case involves the interplay of the doctrine of exhaustion of administrative remedies and the statutory provision allowing immediate judicial review of a procedural order. **OPINION HOLDS:** We affirm by memorandum opinion the district court's decision that dismissed a Florida-based pharmacy's petition seeking immediate judicial review because of the pharmacy's failure to exhaust administrative remedies.

---

[4] Although Wells's appellate brief asked the Iowa Supreme Court to retain this matter in order to resolve whether there is "vitality to the 'futility exception,'" the court transferred the appeal to this court.