618 A.2d 1165

THREE RIVERS ALUMINUM COMPANY, INC., Appellant,

v.

ZONING HEARING BOARD OF MARSHALL TOWNSHIP
and Marshall Township Board of Supervisors and
Philip Berger et al., Appellees.

Commonwealth Court of Pennsylvania.

Argued Oct. 20, 1992.

Decided Dec. 10, 1992.

204

John J. Zagari, for appellant.

Patricia L. Dodge, for appellees.

Before DOYLE and PALLADINO, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Three Rivers Aluminum Company d/b/a Venago Trails Hideaway Restaurant (Three Rivers) appeals from the order of the Court of Common Pleas of Allegheny County (trial court) affirming the decision of the Marshall Township Zoning Hearing Board (Board) which denied Three Rivers' request for a variance. We affirm and remand the case to the trial court for the assessment of costs and damages.

Three Rivers owns property in Marshall Township on which a golf course and restaurant are located. Litigation concerning this property began in 1957 when local citizens filed an action in equity seeking to enjoin Three Rivers' predecessor in interest, Nordev, Inc., from selling food and/or liquor to the general public at the clubhouse restaurant.

On March 30, 1960, the trial court entered a decree nisi, permanently enjoining Nordev from operating a public restaurant on the golf course property. Exceptions were filed and dismissed by the trial court sitting en banc. No further appeal from the permanent injunction was taken.

Three Rivers acquired the property in 1985. On July 12, 1986, it began operation of the Hideaway restaurant in the golf course clubhouse. The restaurant was opened to the general public and advertised as such locally. After notification by the township solicitor that the restaurant failed to comply with the Marshall Township Zoning Ordinance (Ordinance), Three Rivers filed a rule to show cause why the permanent injunction prohibiting operation of a public restaurant on the property should not be dissolved. Following a hearing, the trial court dissolved the injunction.

On appeal to this court, we held that where, as here, a zoning ordinance permits food preparation and dining facilities as an accessory use to a recreational facility, such food preparation and dining facility's clientele is limited to the recreational facility's patrons and their guests. *Three Rivers Aluminum Co. v. Brodmerkle*, 119 Pa.Commonwealth Ct. 409, 547 A.2d 814 (1988), *petition for allowance of appeal denied*, 521 Pa. 623, 557 A.2d 726 (1989). Accordingly, the order of the trial court was reversed and the permanent injunction reinstated. *Id.*

On March 30, 1989, the Zoning Hearing Officer of Marshall Township by letter to Three Rivers, issued a stop, cease, and desist order (Order). The Order required Three Rivers to cease the public use of the restaurant and restrict access to the members of the golf course. Three Rivers appealed the Order to the Board and requested a variance. Following hearings, the Board issued a decision denying the requested relief. Three Rivers then appealed to the trial court which entered an order affirming the decision of the Board.

On appeal to this court,[1] three issues are presented: (1) whether the Board erred in refusing to set aside the Order issued by the zoning officer; (2) whether the Board erred in denying the requested variance to permit the public use of the restaurant; and (3) whether the doctrine of collateral estoppel

---

1. Our scope of review where the lower court has taken no additional evidence is limited to a determination of whether the zoning hearing board committed a manifest abuse of discretion or error of law. *Markopoulos v. Zoning Hearing Board of Township of Lower Mount Bethel*, 133 Pa.Commonwealth Ct. 239, 575 A.2d 670 (1990).

bars Three Rivers from raising the issues of whether the Board erred in its interpretation of the ordinance and whether the Board erred in concluding that Three Rivers did not have a vested right in the continued public use of the restaurant.

■ As to the first issue, Three Rivers argues that the Order issued by the zoning officer fails to comply with Section 616.1(c) of the Pennsylvania Municipalities Planning Code [2] (MPC) and is therefore defective. This section provides, in pertinent part, as follows:

(c) An enforcement notice shall state at least the following:

(1) The name of the owner of record and any other person against whom the municipality intends to take action.

(2) The location of the property in violation.

(3) The specific violation with a description of the requirements which have not been met, citing in each instance the applicable provisions of the ordinance.

(4) The date before which the steps for compliance must be commenced and the date before which the steps must be completed.

(5) That the recipient of the notice has the right to appeal to the zoning hearing board within a prescribed period of time in accordance with procedures set forth in the ordinance.

(6) That failure to comply with the notice within the time specified, unless extended by appeal to the zoning hearing board, constitutes a violation, with possible sanctions clearly described.

In support of its argument, Three Rivers alleges three specific defects in the Order. First, Three Rivers asserts that the Order should be set aside because it did not state a time period for the correction of the violation. We find this contention to be unfounded. The Order issued by the zoning officer gave Three Rivers five days to initiate corrective action, namely, to cease operation of the restaurant as a public restaurant and restrict access to only the clientele of the golf

2. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10616.1(c).

course. Thus, Three Rivers was advised as to the time period for compliance.

Three Rivers next argues that the Order should have been set aside because it did not set forth the specific sections of the Ordinance that were violated. This assertion is also unfounded. The Order refers to this court's previous decision in *Brodmerkle,* the fact that the Pennsylvania Supreme Court had denied Three Rivers' petition for allowance of appeal in that action, and the specific sections of the ordinance which were violated by Three Rivers' advertisement of the restaurant. Thus, Three Rivers was advised as to the specific violations at issue.

Finally, Three Rivers asserts that the Order should have been set aside because it failed to include notice that Three Rivers had a right to appeal the Order to the Board. However, Three Rivers does not argue that it was prejudiced in any way by the zoning officer's omission. In fact, Three Rivers appealed the Order in a timely manner and received a full and fair hearing. Thus, although the Order may have technically violated the enforcement notice provisions of the MPC, Three Rivers substantive rights were in no way affected. Accordingly, we hold that the Board did not err in refusing to set aside the Order as defective.

█ The second issue presented on appeal is whether the Board erred in denying the requested variance to permit public use of the restaurant. In support of their request for a variance, Three Rivers presented evidence regarding the existence of hardship. Specifically, the secretary of the corporation testified that by limiting the clientele of the restaurant to golf course patrons and their guests, the revenues of the restaurant would drop by at least sixty percent and necessitate its closing. This financial hardship was the sole basis for Three Rivers' variance request.

This court has held many times that a variance cannot be granted solely for economic reasons. *Atlantic Refining and Marketing Company v. Zoning Hearing Board of Upper Merion Township,* 133 Pa.Commonwealth Ct. 261, 575 A.2d

961 (1990); *Glennon v. Zoning Hearing Board of Lower Milford Township,* 108 Pa.Commonwealth Ct. 371, 529 A.2d 1171 (1988); *Moses v. Zoning Hearing Board of Borough of Dormont,* 87 Pa.Commonwealth Ct. 443, 487 A.2d 481 (1985). Accordingly, we hold that the Board did not err in denying the requested variance.

█ The final issue presented is whether the doctrine of collateral estoppel bars Three Rivers from raising the issues of whether the Board erred in its interpretation of the ordinance and whether the Board erred in concluding that Three Rivers did not have a vested right in the continued public use of the restaurant. The Board argues that these issues were raised by Three Rivers in their previous appeal and therefore, Three Rivers is collaterally estopped from raising them again. We agree.

█ The doctrine of collateral estoppel is designed to prevent relitigation of a question of law or issue of fact, which has already been litigated in a court of competent jurisdiction. *Commonwealth of Pennsylvania, Department of Transportation v. Martinelli,* 128 Pa.Commonwealth Ct. 448, 563 A.2d 973 (1989). Collateral estoppel precludes review of an issue when (1) an issue decided in the prior case is identical to the issue presented in the present case; (2) there was a final judgment on the merits; (3) the party against whom the estoppel claim is made was a party or in privity with a party to the previous adjudication; and (4) the party had a full and fair opportunity to litigate the issue in the previous action. *National Fuel Gas Distribution v. Pennsylvania Public Utility Commission,* 137 Pa. Commonwealth Ct. 621, 587 A.2d 54 (1991).

In the previous action, *Brodmerkle,* this court was asked to interpret the same zoning ordinance at issue in the present action. We specifically held that where a zoning ordinance permits food preparation and dining facilities as an accessory use to a recreational facility, such a food preparation and dining facility's clientele is limited to the clientele of the recreational facility. We further noted that to hold otherwise

would allow the operation of two principal uses on the property, a golf course and a commercial restaurant, an impermissible result.

In addition, although this court's opinion in *Brodmerkle* does not directly address Three Rivers' vested rights argument, it too has been conclusively resolved. Three Rivers raised the issue in their petition for allowance of appeal. The supreme court denied the petition and thus, rejected their contention.

As the issues presented by Three Rivers in this action have been fully, fairly, and finally adjudicated by this court previously, we hold that Three Rivers is collaterally estopped from relitigating them at this time.

■ Although neither party has raised the issue of damages, this court considers the conduct of Three Rivers in pursuing this appeal to be so egregious that we have raised the issue sua sponte. Rule 2744 of the Pennsylvania Rules of Appellate Procedure allows an appellate court to award as further costs damages as may be just if it determines that an appeal is frivolous. An appeal is considered frivolous when the realistic chances of success are slight and the continuation of the contest is unreasonable. *Richland School District v. Richland Education Association*, 124 Pa.Commonwealth Ct. 459, 556 A.2d 531 (1989); *Washington Township Municipal Authority v. Pennsylvania Labor Relations Board*, 131 Pa.Commonwealth Ct. 36, 569 A.2d 402 (1990).

■ The only viable argument advanced by Three Rivers in this action was its allegation of error for failure to set aside the cease and desist order. However, given this court's previous conclusive disposition of the substantive matter at issue, namely, that the Marshall Township zoning ordinance does not permit Three Rivers to operate a public restaurant on the golf course property, success with regard to the alleged procedural defects of the cease and desist order would serve only to delay the inevitable. Therefore, we conclude that the continuation of this action by Three Rivers was unreasonable and its appeal frivolous.

Accordingly, the order of the trial court is affirmed and the case remanded to the trial court for the assessment of costs and damages.

## ORDER

AND NOW, December 10, 1992, the order of the Court of Common Pleas of Allegheny County is affirmed and the case remanded for the assessment of costs and damages.

Jurisdiction relinquished.