635 A.2d 749

### Robert A. CHRISTOPHER, Appellant,

v.

### COUNCIL OF PLYMOUTH TOWNSHIP and Plymouth Township, Appellees. (Two Cases)

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1993.

Decided Dec. 27, 1993.

---

672

Blake E. Dunbar, Jr., for appellant.

Emeline L.K. Diener, for appellee.

Before DOYLE and SMITH, JJ., and DELLA PORTA, Senior Judge.

SMITH, Judge.

Robert A. Christopher appeals from the November 20, 1991 order of the Court of Common Pleas of Montgomery County granting the motion for summary judgment filed by Plymouth Township and its Council (collectively, Township) and dismissing Christopher's complaint to recover permanent disability benefits from the Township; and from the January 17, 1992 order of the court granting the Township's motion for summary judgment on its counterclaim against Christopher in the amount of $17,867.11 plus interest. The broad issues raised for this Court's review are whether the trial court erred in granting the Township's motion for summary judgment on Christopher's complaint on the basis of collateral estoppel; and whether the trial court erred in granting the Township's motion for summary judgment on its counterclaim on the basis that Christopher fraudulently obtained disability payments from the Township.

## I.

On November 12, 1984, Christopher, a Township police sergeant, sustained a concussion while attempting to subdue a psychiatric patient who was being involuntarily committed.

Christopher completed the commitment and returned to the police station where he became sick and had blurred vision. Christopher returned to work six days later but experienced the same symptoms, left before his shift ended, and has not worked as a police officer since that time. Pursuant to a notice of compensation payable, Christopher began receiving workers' compensation benefits. He also received supplementary compensation from the Township through August 18, 1986, the recovery of which is the subject of the Township's counterclaim. Sometime thereafter, Christopher's personal physician, Zenia A. Chernyk, D.O., recommended that Christopher sleep in a sitting position and avoid head trauma and "stressful situations," but placed no restrictions on Christopher's physical activity.

In September 1985, the police department requested that Christopher report to work with no decrease in salary as a house sergeant, a desk job with no decrease in salary and involving paper work, record-keeping, maintenance of supply inventory, and filing. Christopher refused to report and ten days later, the Township filed a petition to terminate his workers' compensation benefits, alleging that any disability resulting from the work-related injury had terminated as of August 28, 1985. In October 1985, Christopher began operating a restaurant, which involved working fourteen-hour days, cooking, waiting tables, carting supplies, and lifting heavy equipment. On August 11, 1986, the Township's chief of police ordered Christopher to report as house sergeant and Christopher again refused to do so, resulting in his discharge effective August 18, 1986. One week later, Christopher filed a timely answer to the dismissal and demanded a hearing before the Plymouth Township Personnel Review Board (review board).

The review board sustained Christopher's dismissal from the police department, finding that Christopher was medically and physically able to perform the duties assigned to him. The review board specifically found credible the testimony of Alfred M. Sellers, M.D., who examined Christopher and found him fit for employment, his only admonition being that Christopher should stop smoking and lose weight. The testimony

of Christopher's physician, Dr. Chernyk, was specifically rejected. The review board concluded that Christopher had disobeyed a lawful order to report for work when he was physically able to do so and that his termination was therefore justified. Christopher appealed to the trial court which affirmed the review board. No appeal was taken from the trial court's decision.

By decision dated November 23, 1987, the workers' compensation referee terminated Christopher's workers' compensation benefits as of August 28, 1985. The referee specifically found credible the testimony of the Township's medical witnesses, Christopher Koprowski, M.D., and Dr. Sellers, and found that Christopher's hypertension was not related to his November 12, 1984 head injury and that he fully recovered from that injury. The referee concluded that Christopher's work-related disability ceased and terminated on August 28, 1985 and granted the Township's termination petition.

Prior to the review board decision, Christopher commenced the instant action pursuant to his rights under a collective bargaining agreement,[1] alleging that as a result of the work-related injury, he had become permanently disabled and continued to have a disability which precluded him from continuing his duties as a police officer. Christopher sought to recover disability benefits for the years 1984 through 1986 and continuing until March 1994, when he would be eligible for retirement. The Township filed an answer and new matter and a counterclaim later amended seeking to recover all supplemental compensation paid to Christopher and punitive damages. On November 20, 1991, the trial court granted summary judgment, dismissed the complaint, and deferred decision on the motion for summary judgment on the counterclaim. After being advised that the claim for punitive damages was withdrawn, the trial court granted summary judg-

---

1. Pursuant to Article IV, Section 6, of the agreement between Christopher's union and the Township, an officer with fifteen years of continuous service who becomes permanently disabled for any reason, whether or not the disability is work-related, shall be entitled to receive a disability benefit of 75% of his or her salary until retirement.

ment on the counterclaim and entered judgment against Christopher in the amount of $17,867.11 plus interest.

## II.

When reviewing an order granting summary judgment, this Court's scope of review is limited to a determination of whether the trial court committed an error of law or an abuse of discretion. *Downing v. Philadelphia Housing Auth.,* 148 Pa.Commonwealth Ct. 225, 610 A.2d 535, *appeal denied,* 532 Pa. 658, 615 A.2d 1314 (1992). In considering a motion for summary judgment, all well-pleaded facts in the non-moving party's pleadings must be accepted as true. *Id.* In order for a summary judgment motion to be sustained, the case must be clear and free from doubt. *Benson v. City of Philadelphia,* 146 Pa.Commonwealth Ct. 388, 606 A.2d 550, *appeal denied,* 532 Pa. 657, 615 A.2d 1313 (1992).

Christopher argues that neither the doctrine of res judicata nor the doctrine of collateral estoppel serve as a bar to his claim, and that the trial court erred in granting the Township's motion for summary judgment on Christopher's complaint on that basis. Preliminarily, the generic term res judicata encompasses two separate doctrines: "technical" or "strict" res judicata, also known as claim preclusion; and collateral estoppel, also known as "broad" res judicata or issue preclusion. *Malone v. West Marlborough Township Board of Supervisors,* 145 Pa.Commonwealth Ct. 466, 603 A.2d 708 (1992); *Patel v. Workmen's Compensation Appeal Board (Sauquoit Fibers Co.),* 88 Pa.Commonwealth Ct. 76, 488 A.2d 1177 (1985). For technical res judicata to apply, there must be a concurrence of four conditions: (1) identity in the thing sued upon or for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Patel.*

However, the applicable doctrine in the present matter is the doctrine of collateral estoppel, which provides that the determination of a fact in a prior action is deemed conclusive between the parties in a subsequent action even

though the cause of action is different, where the fact was actually litigated in the prior action, was essential to that judgment, and was determined by a valid and final judgment. *Burr v. Callwood,* 374 Pa.Superior Ct. 502, 543 A.2d 583, *appeal denied,* 520 Pa. 594, 552 A.2d 249 (1988); *Patel.* A worker's compensation claim and a common law cause of action are not identical and consequently res judicata is not applicable. *Shaffer v. Pullman Trailmobile, Div. of M.W. Kellogg Co.,* 368 Pa.Superior Ct. 199, 533 A.2d 1023 (1987).[2] A worker's compensation determination that a claimant was no longer disabled can however collaterally estop consideration of the identical issue in a subsequent civil trial. *Id.*

Christopher contends that the issues presented in his complaint are not identical to the issues presented before the referee and the review board and therefore collateral estoppel does not apply. Regarding the workers' compensation proceeding, Christopher asserts that the ultimate issue under consideration was whether he was disabled for the purposes of workers' compensation, whereas the present issue addresses whether he was disabled under the collective bargaining agreement. Christopher further asserts that in addition to the issue of disability, the referee was called upon to decide whether Christopher's hypertension was work related.

 Christopher's argument misperceives the nature of collateral estoppel and the effect of the referee's findings.[3] As

**2.** Application of the principle of collateral estoppel is not precluded merely because administrative proceedings are involved: when an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the court will not hesitate to apply collateral estoppel principles. *Frederick v. American Hardware Supply Co.,* 384 Pa.Superior Ct. 72, 557 A.2d 779, *appeal denied,* 523 Pa. 636, 565 A.2d 445 (1989).

**3.** It is important to note that Christopher does not claim in his complaint that he is disabled for any reason other than the November 12, 1984 work-related injury. Although Christopher contends that the referee's findings of fact admit that he has hypertension and thus it is possible that he is permanently disabled within the terms of the collective bargaining agreement, he made no allegation that his alleged disability is due in any part to hypertension. Under the Pennsylvania system of fact pleading, the pleader must define the issues and every act

noted by the trial court, in the workers' compensation termination proceeding, the Township had the burden of establishing, inter alia, that Christopher was fully recovered from his injury. The referee specifically found that Christopher fully recovered from his head injury as of August 28, 1985. In the absence of any prior proceedings, this is precisely the issue which would have to be addressed by the trial court in acting on Christopher's complaint. Therefore, collateral estoppel precludes relitigation of this issue decided by the referee. *See Grant v. GAF Corp.*, 415 Pa.Superior Ct. 137, 608 A.2d 1047 (1992), *appeal denied,* —— Pa. ——, 631 A.2d 1007 (1993) (determination by workers' compensation referee that workers' carcinoma was not related to occupational exposure collaterally estopped workers' widows from relitigating that issue in tort actions against various manufacturers and sellers of asbestos-containing products); *Frederick v. American Hardware Supply Co.*, 384 Pa.Superior Ct. 72, 557 A.2d 779, *appeal denied,* 523 Pa. 636, 565 A.2d 445 (1989) (prior unemployment compensation board of review finding of willful misconduct by discharged employees collaterally estopped them from asserting in a contract claim that they had been wrongfully discharged).[4]

Similarly, collateral estoppel precludes relitigation of factual findings made by the review board, despite Christopher's assertion that the ultimate issue in the hearing before the review board was whether Christopher failed to report for

or performance essential to that end must be set forth in the complaint. *Somers v. Somers*, 418 Pa.Superior Ct. 131, 613 A.2d 1211 (1992). Therefore, the only issue presented by Christopher's complaint is whether he remains disabled as a result of his work-related injury, thereby precluding him from continuing his duties as a police officer.

4. In addition, Christopher incorrectly relies upon *Petcovic v. Workmen's Compensation Appeal Board (St. Joe Zinc)*, 125 Pa.Commonwealth Ct. 110, 557 A.2d 57 (1989), *appeals denied,* 525 Pa. 665, 583 A.2d 795 (1990). In that case, the claimant alleged that after the denial of his first occupational disease claim petition, he became disabled from a different cause. This Court recognized the progressive nature of occupational diseases and held that collateral estoppel was not applicable because the causes of action in the first and second claim petitions entailed different ultimate issues and time periods. This is clearly not the situation in the present matter.

duty on August 18, 1986 and accordingly, his complaint presents a different issue. The review board's conclusions of law were that the Township sustained its burden of proving that Christopher failed to perform a professional duty assigned to him by disobeying a lawful order to report for work; and that Christopher engaged in malingering by feigning or exaggerating his injury with a view to evading the performance of his duties as house sergeant.

The review board noted Christopher's golfing, bowling and restaurant activities, and found credible Dr. Sellers' testimony that Christopher was fit for employment and specifically rejected Christopher's doctor's testimony, stating that "Dr. Chernyk appears to be more an advocate for unemployment than a medical scientist." Review Board Opinion at p. 8. Based on the testimony, the review board found that Christopher was medically and physically able to perform the duties assigned to him and that his refusal to do so was based on his conclusion that the duties were demeaning and degrading and his preference for street work rather than clerical work. In order to prevail on his complaint, Christopher would have to relitigate these very issues; however, collateral estoppel precludes him from doing so. Thus the trial court did not err in granting the Township's motion for summary judgment on Christopher's complaint.

### III.

Christopher next argues that the trial court erred in granting summary judgment in favor of the Township on its counterclaim because there is insufficient evidence to support the court's conclusion that Christopher acted fraudulently in collecting his salary after August 28, 1985, and that genuine issues of fact exist regarding whether the salary payments were fraudulently obtained. Christopher contends, as he did before the trial court, that his claims of disability were not false but were based on the instructions of his personal physician, Dr. Chernyk, and that it is not fraudulent to attempt to follow the explicit instructions of one's personal physician. The trial court rejected this argument, noting that

the review board did not find Dr. Chernyk's testimony credible.

The review board's subsequent rejection of Dr. Chernyk's instructions to Christopher however does not necessarily lead to the conclusion that Christopher's salary payments were fraudulently obtained, even in the face of his bowling, golfing, and restaurant activities, upon which Dr. Chernyk placed no restrictions and which Christopher made no attempts to hide. Furthermore, Dr. Chernyk's instructions to Christopher, as stated by the review board in its opinion, are ambiguous at best; the record contains no testimony to clarify what Dr. Chernyk actually said. The Township argues that Christopher's conduct is fraudulent under the facts established by the pleadings because fraud is not necessarily characterized by a knowingly false representation, and relies upon *Boyle v. Odell*, 413 Pa.Superior Ct. 562, 605 A.2d 1260 (1992), which stated that fraud may be established where there is a misrepresentation, innocently made, but relating to a matter material to the transaction involved. However, the court in *Boyle* further qualified this statement by noting that fraud based on innocent misrepresentation must be based upon a showing that one has the means to obtain knowledge of the truth before making the representation.

Examining the record in favor of Christopher as the non-moving party, and accepting as true all well-pleaded facts in Christopher's pleadings, it cannot be said that this issue is clear and free from doubt. *Downing; Benson*. The fact that Christopher was acting on his doctor's instructions raises a factual question for resolution by a jury as to whether fraudulent conduct was involved. As such, the trial court's grant of summary judgment on the counterclaim was premature and the matter must be remanded for this reason. Accordingly, the trial court's grant of the Township's motion for summary judgment on the its counterclaim is reversed and this case is remanded for further proceedings as to the Township's counterclaim only.

## ORDER

AND NOW, this 27th day of December, 1993, the November 20, 1991 order of the Court of Common Pleas of Montgomery County granting Plymouth Township's motion for summary judgment on Robert A. Christopher's complaint is affirmed. The January 17, 1992 order of the trial court granting Plymouth Township's motion for summary judgment on its counterclaim and entering judgment in favor of Plymouth Township against Christopher in the amount of $17,867.11 is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.