**John McGILL, Patrick Loynd, Lorraine Pappalardo, Mary A. Futcher, David Zuy, Alisha Amendt and Monroe Court Homeowner's Association, Appellants,**

v.

**SOUTHWARK REALTY COMPANY and Craig Smith.**

Commonwealth Court of Pennsylvania.

Argued June 5, 2003.
Decided July 8, 2003.

Jonathan Wheeler, Philadelphia, for appellants.

Richard D. Malmed, Philadelphia, for appellees.

Before FRIEDMAN, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

In this unusual case where a judgment debtor seeks an equitable setting aside of a sheriff's sale deed, Monroe Court Homeowner's Association (Association), with its president and several members (collectively, Plaintiffs), appeal from the order of the Court of Common Pleas of Philadelphia County (2002 trial court) sustaining Southwark Realty Company's (Realty) and Craig Smith's preliminary objections.[1] We reverse and remand.

The Association is a non-profit corporation organized by a group of condominium owners for the purpose of owning a courtyard adjacent to their units. The Association is administered by a Board of Directors (Directors) elected annually. They are responsible for notifying members of fees necessary for the maintenance of the courtyard. Smith is a shareholder of the Association and served as a director.

Beginning in 1992, the Association delegated to Realty the responsibility of managing the courtyard. Smith, in addition to his role in the Association, is the principal shareholder in Realty. Smith's roles with both the Association and Realty are at the core of the current controversy.

Taxes accrued from calendar years 1991–1996, until Realty advanced the money to pay the taxes in 1997. Smith, as Realty's principal owner, sought reimbursement. In June 1999, Realty initiated an action against the Association in Philadelphia Municipal Court for this purpose.

The Association failed to defend, and a default judgment was entered in October 1999. No attempt was made to appeal or open the default judgment.

When the Association failed to pay the judgment, Realty filed a writ of execution. In May 2001, the courtyard was sold at a sheriff's sale to Realty.

In November 2001, several Association shareholders brought an action in equity against Realty and Smith to set aside the sheriff's sale. Plaintiffs alleged the Association President and unnamed "others" gave constant assurances that "everything was under control" and that "they were in no imminent danger of losing their property interests in THE COURTYARD ....." R.R. at 88a. Plaintiffs then averred:

30. This termination of their property rights, including the use and enjoyment of THE COURTYARD has been the result of fraud, misrepresentation, gross dereliction of duty and breach of fiduciary obligation by the Officers and Directors of the ASSOCIATION, including Craig Smith, and has resulted in the loss of valuable property rights previously enjoyed by Plaintiffs.

R.R. at 88a.

Realty and Smith sought summary judgment, arguing Plaintiffs' action was barred by (i) laches, (ii) res judicata, (iii) collateral estoppel, and (iv) improper parties. The 2001 trial court[2] held laches, res judicata, and collateral estoppel "do not apply to Plaintiffs' claim." R.R. at 99a. The 2001 trial court explained why it rejected res judicata and collateral estoppel:

[F]or either doctrine to apply, the issues presented in both cases must be identical ... In the instant matter, it is clear this requirement is not met. While it may be said that there was an adjudica-

---

1. This case was transferred by order of the Superior Court on January 23, 2003.

2. The Honorable John W. Herron presiding, May 15, 2002.

tion as to [the Association's] liability to [Realty] for amounts owed, the earlier action did not address the Defendants' alleged failure to comply with the notice requirements for the sale of the Courtyard or Smith's alleged fraud and breach of fiduciary duty. Thus, while the Plaintiffs' right to challenge the amounts claimed by Defendants may be limited, they may contest the manner in which the Courtyard was sold.

2001 Trial Court Op. at 3. The 2001 trial court then granted summary judgment on the basis of an improper party plaintiff. In particular, a direct action by members of the Association, as individuals, against Realty and Smith was held improper, as the appropriate vehicle for the members' claims was a derivative action under 15 Pa.C.S. § 5782(a).

In July 2002, with the Association now a party, Plaintiffs brought a new suit raising the same claims as the 2001 litigation. Realty and Smith filed preliminary objections raising (i) res judicata flowing from the default judgment, (ii) failure to join indispensable parties, and (iii) lack of specificity.

■ The 2002 trial court[3] granted a demurrer and dismissed Plaintiffs' new complaint with prejudice, holding:

The present complaint moves for the Court to set aside the Sheriff's Sale of the Courtyard and restore title to [the Association] without addressing the underlying judgment. However the sale was a consequence of [the Association's] failure to satisfy or otherwise address

the 1999 default judgment. [The Association] was given full and fair opportunity to litigate that issue and is now collaterally estopped from re-litigating the facts and legal basis of [Realty's] claim. The plaintiffs in the present action are bound by privity to the 1999 judgment and as the judgment was valid, [the Association] cannot re-try the case now.

2002 Trial Court Op. at 5. The 2002 trial court also referenced the possible merits of a petition to open the default judgment. Plaintiffs seek review of the 2002 trial court's order.[4]

Plaintiffs present three arguments for our review. First, they argue the 2002 trial court erred in holding their claim is barred by collateral estoppel. Second, they assert the 2001 trial court decision holding res judicata and collateral estoppel inapplicable precluded the 2002 trial court from reaching a contrary conclusion. Finally, Plaintiffs' assert the 2002 trial court exceeded its scope of review on preliminary objections by making factual determinations contrary to pled facts.

■ "[T]he generic term res judicata encompasses two separate doctrines: 'technical' or 'strict' res judicata, also known as claim preclusion; and collateral estoppel, also known as 'broad' res judicata or issue preclusion." *Christopher v. Council of Plymouth Township*, 160 Pa.Cmwlth. 670, 635 A.2d 749, 751 (1993).

■ Plaintiffs argue the 2002 trial court erred in holding their cause of action was barred by collateral estoppel. Collateral estoppel, or issue preclusion, is designed to

---

**3.** The Honorable Matthew Carrafiello presiding, December 27, 2002.

**4.** Our review of an order of the trial court sustaining preliminary objections in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law. The court

must accept as true all well-pleaded allegations of material fact in the complaint as well as any inferences reasonably deducible therefrom, and any doubt should be resolved in favor of overruling the demurrer. *In re Appeal of Gomez*, 688 A.2d 1261 (Pa.Cmwlth. 1997).

prevent relitigation of questions of law or issues of fact, which have already been litigated in a court of competent jurisdiction. *Three Rivers Aluminum Co. v. Zoning Hearing Bd.,* 152 Pa.Cmwlth. 203, 618 A.2d 1165 (1992). Collateral estoppel is based upon the policy that "a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise." *Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104, 107, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991).

In *Muhammad v. Strassburger, McKenna, Messer, Shilobod, & Gutnick,* 526 Pa. 541, 587 A.2d 1346 (1991) our Supreme Court stated:

> In order to grant a demurrer pursuant to [collateral estoppel], the objecting party must show that 'the fact or facts at issue in both instances were identical; [and] that these facts were essential to the first judgment and were actually litigated in the first cause.' We have also required that the party against whom a plea of collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in question in a prior action.

587 A.2d at 1348 (citations omitted).

██ Our Supreme Court embraces the Restatement (Second) of Judgments § 27 (1982) definition of issue preclusion.[5] *Pennsylvania State Univ. v. County of Centre,* 532 Pa. 142, 615 A.2d 303 (1992);

*Clark v. Troutman,* 509 Pa. 336, 502 A.2d 137 (1985); *Schubach v. Silver,* 461 Pa. 366, 336 A.2d 328 (1975). Comment e of that section states:

> Issues not actually litigated. A judgment is not conclusive in a subsequent action as to issues which might have been but were not litigated and determined in the prior action . . . .
>
> * * *
>
> In the case of a judgment entered by confession, consent, *or default,* none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action. The judgment may be conclusive, however, with respect to one or more issues, if the parties have entered an agreement manifesting such an intention.

*Id.* (emphasis added).

██ Although the application of collateral estoppel to default judgments is an issue of first impression for this Court,[6] the United States Court of Appeals for the Third Circuit addressed it in *Fleet Consumer Discount Co. v. Graves (In re Graves),* 33 F.3d 242 (3d Cir.1994).[7] In *Fleet,* applying Pennsylvania law and specifically comment e of the Restatement, the Third Circuit held a default judgment does not have preclusive effect since the case is not actually litigated.

---

5. The Restatement (Second) of Judgments § 27 (1982) provides "when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."

6. This Court cited comment e of the Restatement in holding collateral estoppel inapplicable when an underlying judgment is entered

by consent. *GPU Indus. Intervenors v. Pennsylvania Pub. Util. Comm'n,* 156 Pa.Cmwlth. 626, 628 A.2d 1187 (1993), *Allison Park Contrs., Inc. v. Workers' Comp. Appeal Bd. (Wagner),* 731 A.2d 234 (Pa.Cmwlth.1999).

7. "Although decisions of federal courts on issues of state law are not binding on a state court's, state courts may look to federal court decisions for guidance in interpreting state law." *Marriott Corp. v. Alexander,* 799 A.2d 205, 208 (Pa.Cmwlth.2002).

■ We agree. A default judgment lacks the requisite element that it be "actually litigated." A default judgment is not entitled to the preclusive effect of collateral estoppel, and the trial court erred in sustaining Realty's and Smith's demurrer on that basis.

■ Strict res judicata, also known as claim preclusion, provides that where there is a final judgment on the merits, future litigation between the parties on the same cause of action is prohibited. *Myers v. Workers Comp. Appeal Bd. (Univ. of Pennsylvania)*, 782 A.2d 1108 (Pa.Cmwlth. 2001), *appeal denied*, 568 Pa. 688, 796 A.2d 319 (2002). Four factors must exist in order for claim preclusion to apply: (i) identity in the thing being sued upon or for; (ii) identity of the cause of action; (iii) identity of the persons and parties to the action; and (iv) identity of the quality or capacity of the parties being sued. *Id.* A default judgment is res judicata with regard to transactions occurring prior to entry of judgment. *Quaker City Chocolate Confectionery Co. v. Warnock Bldg. Ass'n.*, 347 Pa. 186, 32 A.2d 5 (1943); *Zimmer v. Zimmer*, 457 Pa. 488, 326 A.2d 318 (1974).

The 2002 trial court did not decide whether strict res judicata precludes Plaintiffs' claim; accordingly there is no ruling on this issue for our review. We note, however, as did the 2001 trial court, that Plaintiffs' current case addresses collection, whereas the case resulting in the default judgment addressed liability.

■ Although the case will return to the trial court for further proceedings, it is not clear whether equitable jurisdiction exists here. "[A] court of equity lacks jurisdiction to entertain a cause of action for which there exists a full, complete and adequate remedy at law." *Tulio v. State Horse Racing Com.*, 79 Pa.Cmwlth. 305, 470 A.2d 645, 647 (1984). In determining whether a remedy is "adequate," we must look to its availability and not the likelihood of its success. *Willing v. Mazzocone*, 482 Pa. 377, 393 A.2d 1155 (1978), *Ragano v. Rigot*, 25 Pa.Cmwlth. 428, 360 A.2d 779 (1976). Whenever the existence of a legal remedy becomes apparent, a court may, on its own motion, raise the issue of whether the action should be transferred to the law side of the court. *Myshko v. Galanti*, 453 Pa. 412, 309 A.2d 729 (1973), *Carelli v. Lyter*, 430 Pa. 543, 244 A.2d 6 (1968).

Pa. R.C.P. No. 3132 provides in pertinent part: "Upon petition of any party in interest before delivery ... of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances." The Superior Court held an action under Pa. R.C.P. No. 3132 constitutes an adequate remedy at law and may bar an equity action. *Scott v. Adal Corp.*, 276 Pa.Super. 459, 419 A.2d 548 (1980).

■ Plaintiffs may have an adequate remedy at law in the form of a petition to set aside the sheriff's sale pursuant to Pa. R.C.P. No. 3132. Although the delivery of an acknowledged deed usually forecloses a party's ability to petition to set aside the sale, an exception exists for sales tainted by the existence of fraud. *Derr v. New York Joint Stock Land Bank*, 335 Pa. 309, 6 A.2d 899 (1939); *Knox v. Noggle*, 328 Pa. 302, 196 A. 18 (1938); *see* 13 *Standard Pennsylvania Practice 2d* § 76:50.

■ Plaintiffs argue equity jurisdiction is appropriate since the basis of their cause of action is fraud. It is true a court in equity has jurisdiction in cases of fraud, but equity is not available when statutory remedies exist unless the alleged fraudulent conduct is cited as the cause of the failure to pursue a statutory remedy. *See Chartiers Valley Sch. Dist. v. Virginia*

*Mansions Apartments, Inc.*, 340 Pa.Super. 285, 489 A.2d 1381 (1985).

With the foregoing discussion in mind, the requirement that averments of fraud be pled with particularity assumes special significance. Pa. R.C.P. No. 1019(b). Plaintiffs' complaint fails to specify who made the allegedly fraudulent statements, when they were made, or how they impacted the remedy at law. Realty's and Smith's preliminary objection questioning specificity was not addressed by the 2002 trial court.

Accordingly, we reverse the trial court with regard to the demurrer based on collateral estoppel, and we remand for consideration of the remaining preliminary objections: res judicata flowing from the default judgment; failure to join indispensable parties; and, specificity.

### ORDER

AND NOW, this 8th day of July, 2003, the order of the Court of Common Pleas of Philadelphia County sustaining the preliminary objection in the nature of demurrer and dismissing the complaint is REVERSED, and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.