IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David N. Cox, II and             :
Heather K. Cox               :
                           :
       v.             : No. 1539 C.D. 2024
                           : Argued: November 6, 2025
Zoning Hearing Board of     :
Lancaster Township,         :
Lancaster Township, James   :
Badger, and Holly Badger    :
                           :
Appeal of: Lancaster Township  :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                      FILED: December 11, 2025

Lancaster Township (Township) appeals the order of the Butler County Court of Common Pleas (trial court) sustaining the appeal of David N. Cox, II and Heather K. Cox (together, Landowners) from the order of the Township's Zoning Hearing Board (Board) that rejected Landowners' appeal of a defective Notice of Violation and Cease and Desist Order (NOV) of the Township's Code of Ordinances (TCO) for their purported misuse of their property in the Township. We affirm.

Landowners are the record owners of two abutting parcels, totaling 77 acres, located at 238 Crab Run Road in the Township's Rural Residential District (R-1) (Property). On November 24, 2021, the Township's Manager sent Mr. Cox a

letter stating that "[o]ur investigation reveals that you are operating a landscape supply business, or such similar use on" the Property, "[t]his is not a permitted or conditional use in the [R-1] Zoning District" under TCO §300-26, Table 601, and "[y]ou must discontinue this use of the property." Reproduced Record (RR) at 7a.[1] As a result, the Township Manager warned Mr. Cox:

> The purpose of this letter is to alert you to the violation and provide to you the opportunity to suggest a plan to discontinue and dismantle the use before further action is taken. You must contact me within five (5) business days of [the] date of this letter to discuss a compliance plan, and we will arrange a time for us to meet with the proper Township officials that can assist you in this matter.
>
> If you do not respond to this letter within five (5) days to provide a plan for compliance, we will proceed with further legal action.

*Id.*

On April 25, 2022, the Township's Manager sent the following NOV[2] to Mr. Cox at the Property, which states, in its entirety:

---

[1] The Township has violated Pa.R.A.P. 2173, which requires the pages in a reproduced record to be numbered in Arabic figures followed by a small "a," by failing to follow the Arabic figures in the Reproduced Record with a small "a." For ease of reference and consistency, this Court will cite to the pages of the Reproduced Record by Arabic figures with the small "a."

[2] Section 300.67(1)(c) of the TCO states:

> If it appears to the Township that any building, structure, landscaping, or land is, or is proposed to be, erected, constructed, reconstructed, altered, converted, maintained, or used in violation of this chapter, the Zoning Officer shall initiate enforcement proceedings by immediately sending a written enforcement notice to the owner of record of the parcel by certified mail or personal service. The enforcement notice shall state at least the following information:

**(Footnote continued on next page…)**

2

# LANCASTER TOWNSHIP

## NOTICE OF VIOLATION AND
## CEASE AND DESIST

This [NOV] is issued to you by the [TCO enforcement official]. The [Property] is in violation of the [TCO] and the laws of the Commonwealth of Pennsylvania.

You are required to immediately Cease and Desist all activities in violation of the TCO and correct the violations described herein:

**You were previously advised by letter dated November 21 [sic], 2021[,]** that your activities, including retail sales of landscape supplies, excavating services, and agricultural sales are not conforming uses under the [R-1] zoning district, and are in violation of the TCO. You were

---

(a) The name of the owner of record and any other person against whom the municipality intends to take action.
(b) The location of the property in violation.

(c) The specific violation with a description of the requirements which have not been met, citing in each instance the applicable provisions of this chapter.

(d) The date before which the steps for compliance must be commenced and the date before which the steps must be completed.

(e) That the recipient of the notice has the right to appeal to the [Board] within a prescribed period of time in accordance with procedures set forth in this chapter.

(f) That failure to comply with the notice within the time specified, unless extended by appeal to the [Board], constitutes a violation, with possible sanctions clearly described.

TCO §300-26300.67(1)(c); *see also* Section 616.1(c) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10616.1(c) (same); Section 616.1(b) of the MPC, 53 P.S. §10616.1(b) ("The enforcement notice shall be sent to the owner of record of the parcel on which the violation has occurred . . . .").

given a time to provide a compliance plan but have taken no action towards resolution of this matter. Our recent and ongoing review of the use of your property, including recent police involvement in nighttime noise, odor and safety violations, video, still photos, eye-witness accounts, advertisements, and postings publicly available all indicate that you are still knowingly in violation of the TCO.

## VIOLATIONS:

Information outlined in Table 601, under TCO [Sections 300-26 and 300-17] (rural residential), clearly set forth allowable uses and conditional uses within the [R-1] district. You are operating a business from this location that is not permitted by [the TCO].

You must bring the property in compliance with the TCO and immediately cease and desist operating as a retail sales of landscape supplies, excavating services, agricultural sales, or any other unpermitted activities at the residential location [of the Property]. No further notice will be provided before legal action is taken.

## APPEAL:

**Your activities must cease immediately.** You may appeal this [NOV] by filing a written appeal with the Code Official within 30 days of the date this [NOV] was served. . . .

4

RR at 8a-9a (emphasis in original).[3]  There is no individual person named in the NOV.[4]

On May 2, 2022, Landowners both appealed the NOV to the Board on the following bases:

> [THE] NOV IS STATUTORILY [AND/OR] LEGALLY INSUFFICIENT
>
> NOT ALL OWNERS HAVE BEEN IDENTIFIED [AND/OR] SERVED
>
> CURRENT USES OF THE PROPERTY ARE IN COMPLIANCE WITH THE TCO

RR at 14a.

The Board conducted three public hearings on Landowners' appeal, at which Landowners again attacked the sufficiency of the NOV.  Ultimately, on November 4, 2022, the Board issued a decision disposing of Landowners' appeal in which it stated the following, in relevant part:

> The Board refuses to set aside the NOV finding that [Landowners'] substantive rights were in no way affected by any alleged technical violations of the NOV.  The same issue was adjudicated in the case of *Three Rivers Aluminum Company, Inc. v. Zoning Hearing Board of Marshall Township*, [618 A.2d 1165 (Pa. Cmwlth. 1992) (*Three Rivers Aluminum*),] where the Commonwealth

---

[3] Based on Mr. Cox's failure to respond, on April 27 and 30, 2022, the Township also filed three non-traffic citations against Mr. Cox to initiate proceedings before the relevant magisterial district judge based on his purported violations of the NOV and the Cease and Desist Order.  *See* RR at 10a-12a.  The record does not indicate that the Township filed any such citations against Mrs. Cox as well, and their disposition is not at issue in this appeal.

[4] *See, e.g.*, *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1257 (Pa. Cmwlth. 2002) ("[T]he matter *sub judice*, however, arose from criminal proceedings based upon the alternative of imprisonment in default of the payment of fines being before the court.  As with criminal matters, it is the individuals and not the res that are subject to prosecution.").

5

Court found that the fact that a violation notice is technically deficient because it does not recite the applicable period for appeal to the [Board], does not require that the notice be set aside where there has been no injury to the landowner's substantive rights.

RR at 351a. Also rejecting Landowners' substantive claims, the Board ultimately denied Landowners' appeal and affirmed the NOV. *See id.* at 351-54.

Landowners appealed the Board's decision to the trial court, again asserting that the NOV was substantively defective under the provisions of the MPC and TCO. In relevant part, at the final hearing on the appeal on October 16, 2024, the trial court outlined to the parties the numerous substantive deficiencies in the NOV. *See* RR at 418a-21a. In relevant part, the following exchange occurred at the end of the hearing between the trial court and counsel for the parties:

THE COURT: I'm not going to enter two orders and then have it go up on the first order and be told that [the NOV is] deficient to begin with. I want the deficiency taken care of.

[OBJECTORS' COUNSEL]: May I ask Your Honor what the Court's proposal is? Is it that we completely reinitiate enforcement actions --

THE COURT: Yes. Send out new [NOVs] so that you -- my understanding [is] that the [NOV] that was sent out didn't even identify who it was sent to.

[TOWNSHIP'S COUNSEL]: Your Honor, may I address the position [of the Township]? Despite Landowners' desire, there exists no published case, or unpublished case, frankly, that I can find, where a procedurally deficient NOV that was not substantively prejudicial where the landowners received actual notice was overturned. And I think referring specifically to the [*Three Rivers Aluminum*] case --

6

THE COURT: And I'm not about to be the case that it is overturned on.

[TOWNSHIP'S COUNSEL]: Well, but I think the last paragraph --

THE COURT: Clear the record. Make it straight. Make it clear. That way we don't have those issues in front of us. I'm not going to go ahead and do this [on the merits] and have it fragmented, and have it sent back because there are problems [with the NOV]. Take care of the problems, get them fixed, and then we'll go forward. Send out the proper notices. Give the timeframe to correct the issues, and then we'll be back again. I want them taken care of before we go forward.
[TOWNSHIP'S COUNSEL]: *Well, we'll certainly abide by any order this court enters.*

THE WITNESS: [Landowners' counsel], anything?

[LANDOWNERS' COUNSEL]: No, thank you.

RR at 420a-24a (emphasis added).

Based on the foregoing, that same day, the trial court issued an order sustaining Landowners' appeal based on the facially defective NOV; reversing the Board's decision affirming the defective NOV; and directing the following: "***Should the Township desire to proceed further with this matter, it is to issue a new [NOV] that complies with [Section 616.1 of the MPC,] 53 P.S. §10616.1***." *Id.* at 427 (emphasis added).

Rather than proceeding as agreed at the hearing, the Township filed the instant appeal of the trial court's order[5] asserting error with respect to the trial court's

___

[5] In a land use appeal where the trial court does not take additional evidence, our scope of review is limited to determining whether the Board committed an error of law or abuse of discretion. *Riverfront Development Group, LLC v. City of Harrisburg*, 109 A.3d 358, 363 n.8 (Pa. Cmwlth. 2015).

ruling on the substantial, facial deficiencies in the NOV. However, after reviewing the record, the parties' briefs and oral argument, and the relevant case law, we conclude that the appellate claims have been ably resolved in the thorough and well-reasoned opinion of President Judge S. Michael Yeager. Accordingly, we affirm the trial court's order on the basis of his opinion in the matter of *Cox v. Zoning Hearing Board of Lancaster Township*, (C.P. Butler, A.D. No. 2022-10956, filed January 16, 2025).

MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David N. Cox, II and         :
Heather K. Cox               :
                             :
        v.               : No. 1539 C.D. 2024
                             :
Zoning Hearing Board of     :
Lancaster Township,         :
Lancaster Township, James   :
Badger, and Holly Badger    :
                             :
Appeal of: Lancaster Township  :

# **O R D E R**

AND NOW, this 11th day of December, 2025, the order of the Butler County Court of Common Pleas dated October 16, 2024, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge