J-S12010-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SOLANGE K. SANCHEZ, DANIEL D. SANCHEZ, AND HOUSE OF SANCHEZ MINISTRY TR, A TRUST | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, AS TRUSTEE FOR THE BENEFIT OF THE FREDDIE MAC SEASONED LOANS STRUCTURED TRANSACTION TRUST, SERIES 2018-2, SELECT PORTFOLIO SERVICING, INC., AND ALL PERSONS CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE | : | No. 3037 EDA 2025 |
| | : | |
| APPEAL OF: SOLANGE K. SANCHEZ | : | |

Appeal from the Order Entered August 21, 2025
In the Court of Common Pleas of Monroe County Civil Division at No(s):
003422-CV-2025

BEFORE:   McLAUGHLIN, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 27, 2026**

Solange K. Sanchez ("Solange") appeals *pro se* from the order sustaining preliminary objections filed by Federal Home Mortgage Corporation, as Trustee for the Benefit of Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2018-2, Select Portfolio Servicing, Inc., and all persons claiming any legal or equitable right, title, estate ("Federal Home

---

[*] Retired Senior Judge assigned to the Superior Court.

Mortgage") and dismissing with prejudice the complaint filed in this action. She argues the trial court should not have dismissed the case with prejudice. We affirm.

In a prior case, Federal Home Mortgage filed a complaint alleging Solange, Daniel D. Sanchez, and House of Sanchez Ministry TR ("the Sanchezes") defaulted on a mortgage for a property on Juno Drive in Effort, Pennsylvania. Federal Home Mortgage filed a motion for summary judgment in that case. In the response, the Sanchezes argued Federal Home Mortgage lacked standing because it did not provide a copy of the original note bearing valid endorsements. They also maintained that the chain of title raised concerns, including that Federal Home Mortgage did not provide verification that it held the note at the time it filed the foreclosure complaint. Def.'s Br. in Opp. to Pl.'s Mot. for Sum. Judg., *Fed. Home Mortgage v. Sanchez*, No. 005924-CV-2024, at 2. The trial court granted Federal Home Mortgage's summary judgment motion. It noted that Federal Home Mortgage alleged in its complaint that it held the note at the time it filed the complaint and attached to the summary judgment motion a copy of the note and an affidavit stating it held the note at the time it filed the motion. Trial Ct. Op, *Fed. Home Mortgage v. Sanchez*, No. 005924-CV-2024, at 1-2 (C.P. Monroe Cty. May 8, 2025), R.R. A8-A9.

In the instant case, the Sanchezes filed a complaint against Federal Home Mortgage alleging Federal Home Mortgage is not a proper party to the Mortgage and Note signed by the Sanchezes that encumbered real property

on Juno Drive in Effort, PA. They argued Federal Home Mortgage "failed to produce proof that the subject mortgage and note were validly transferred[.]" Complaint, filed May 28, 2025, at ¶ 3. They noted that they had "raised these same concerns in prior pleadings in the related foreclosure action . . . citing lack of standing, improper assignment, and the failure of the Plaintiff to validate ownership or produce original documentation." *Id.* at ¶ 4.. They sought to quiet title to declare Federal Home Mortgage has no enforceable lien against the real property and to discharge the lien and mortgage. The prothonotary entered a *lis pendens* against the property.

Federal Home Mortgage filed preliminary objections in this case. They argued for dismissal of the complaint due to a legally insufficient complaint, *res judicata*, and improper service. The court sustained the objections, dismissed the complaint with prejudice, and struck the *lis pendens*. Solange filed a notice of appeal.[1]

Solange raises the following issues:

> 1) Did the trial court abuse its discretion by dismissing with prejudice for curable procedural defects (service, Rule 1024 verification, signatures/representation) instead of allowing amendment and proper service?
>
> 2) Did the court misapply quiet-title standards by reading the pleading narrowly and refusing leave to amend to allege lien-enforceability defects?

---

[1] The plaintiffs listed in this action are Solange, Daniel, and House of Sanchez Ministry TR. Solange filed the notice of appeal and the principal appellate brief. Daniel filed a "brief of participant" adopting Solange's brief, but is not listed on the notice of appeal.

- 3 -

3) Did the court err by invoking preclusion based on the foreclosure while that matter was on appeal, risking inconsistent outcomes?

4) Was striking *lis pendens* an abuse of discretion; alternatively, should it be reinstated on remand?

Solange's Br. at 2 (suggested answers omitted).

In ruling on preliminary objections in the nature of a demurrer, trial courts "accept as true all well-pleaded allegations of material fact and all reasonable inferences deducible from those facts and resolve all doubt in favor of the non-moving party." *Palmiter v. Commonwealth Health Sys., Inc.*, 260 A.3d 967, 970 (Pa.Super. 2021) (citation and internal quotation marks omitted). This Court "appl[ies] the same standard as the trial court in evaluating the legal sufficiency of the complaint, and examine[s] whether, on the facts averred, the law says with certainty that no recovery is possible." *Id.* at 971.

Solange argues that this Court does not need to resolve the merits of her claims. She contends that the court "prematurely terminated the action at the pleading stage for defects it expressly identified as curable, denied amendment without any finding of futility, and then layered substantive consequences including preclusion and the striking of *lis pendens* onto that procedural dismissal." Solange's Br. at 5.

Solange first claims that service irregularities and Rule 1024 verification and signature/representation issues are "routinely cured[.]" *Id.* at 6. She maintains the record demonstrated "curability and diligence," but the court

"imposed a terminal dismissal without a finding of prejudice[.]" *Id.* She argues the court should have permitted the amendment of the complaint.

This claim lacks merit. The court found the complaint should be dismissed for lack of service and failure to submit proof of service, but concluded those "insufficiencies would result in dismissal of the [c]omplaint and/or parties without prejudice to re-file." Trial Ct. Op., filed Aug. 21, 2025, at 2. Accordingly, the trial court agreed that, if those were the complaint's sole deficiencies, Solange would have been given a chance to amend the complaint. Her first claim lacks merit.

Solange next argues the court misapplied quiet title standards and should have permitted amendment. She claims the court cannot resolve lien validity or standing issues on the merits at the preliminary objection stage and it therefore exceeded the scope of Rule 1028 when it adjudicated the sufficiency of the quiet title claim and dismissed it with prejudice. She argues the quiet title claim addressed competing claims to an interest in land. She says that "[w]hether the initial pleading perfectly articulated lien-enforceability defects is beside the point; the reversible error lies in foreclosing amendment before the merits could be reached." Solange's Br. at 8. She argues that a dismissal with prejudice at the preliminary objection stage is permissible only if amendment would be futile, and claims the court did not make a finding that amendment would be futile in this case.

An action to quiet title may be brought, *inter alia*, "to determine any right, lien, title or interest in the land or determine the validity or discharge of

any document, obligation or deed affecting any right, lien, title or interest in land," or "to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land[.]" Pa.R.Civ.P. No. 1061(b)(2)–(3). "The purpose of a quiet title action is to settle competing claims to interests in property or to determine right or title or the validity of any deed affecting any interest in land." *Cornwall Mountain Invs., L.P. v. Thomas E. Proctor Heirs Trust*, 158 A.3d 148, 160 (Pa.Super. 2017).

Here, the trial court dismissed the complaint due to insufficient allegations, reasoning the complaint contained no allegations that the "underlying mortgage lack[ed] validity, meaning in the execution of the mortgage by [the Sanchezes]." Trial Ct. Op. at 2. It pointed out the Sanchezes merely asserted that Federal Home Mortgage was not the proper or legal entity to bring the foreclosure action and it found such allegations did not invalidate the mortgage on the property. *Id.* at 2-3

On appeal, Solange does not claim that the Complaint stated a quiet-title action. Rather, she claims the court could not dismiss the claim on a preliminary objection and should have permitted amendment of the complaint. However, she does not explain how she would have been able to state a claim in an amended complaint. This claim lacks merit. *See, e.g., Catanzaro v. Pennell*, 238 A.3d 504, 509 (Pa.Super. 2020) (affirming the court's order

sustaining preliminary objections, finding appellant's claim to quiet title is legally insufficient, and affirming dismissal of complaint with prejudice).

Solange next challenges the court's determination that the claim was barred by *res judicata*. She argues that we need not determine whether *res judicata* ultimately would apply. Rather, she claims the court erred in how it procedurally applied *res judicata* "as a justification to deny amendment and impose a with-prejudice dismissal for defects the court itself identified as curable." Solange's Br. at 8-9. She maintains that the court should have coordinated the actions, not "extinguish[ed]" this action. ***Id.*** at 9.

"[T]he doctrine of *res judicata* holds that a final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action." ***Khalil v. Cole***, 240 A.3d 996, 1000 (Pa.Super. 2020) (quoting ***Dempsey v. Cessna Aircraft Co.***, 653 A.2d 679, 680-81 (Pa.Super. 1995) (*en banc*)) (alteration in ***Khalil***). "A judgment is deemed final for purposes of *res judicata* or collateral estoppel unless or until it is reversed on appeal." ***Id.*** (citation omitted). "For *res judicata* to apply, there must be four common elements between the two actions: '(1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the capacity of the parties.'" ***Id.*** at 1002 (citation omitted). An issue of *res judicata* can be disposed of on preliminary objections where the "facts in th[e] case are not in dispute," such that the "appellant was not deprived of an opportunity to prove or disprove a fact." ***Kelly v. Kelly***, 887 A.2d 788, 791 (Pa.Super. 2005).

Here, the trial court concluded that Solange's claims were barred by the doctrine of *res judicata*, noting all elements were satisfied:

> Where a final judgment on the merits has been rendered by a court of competent jurisdiction, res judicata, or the inability to bring the same action twice, will bar any other suit on the same cause of action between the parties. **See Chada v. Chada**, 756 A.2d 39 (Pa.Super. 2000). In this case, all four factors of res judicata are present. **See McGill v. Southwark Realty Co.**, 828 A.2d 430 (Pa.Cmwlth. 2003). The other case at issue is 5924 CV 2024, in which the Honorable Arthur L. Zulick issued an order granting summary judgment in favor of the Defendant listed in this case and against the Plaintiffs listed in this case in mortgage foreclosure. A copy of that Memorandum Opinion and Order are attached. A Motion for Reconsideration was denied. A copy of that Order is attached. The case is on appeal brought by Plaintiffs listed in this case, but Judge Zulick's order stands unless the Superior Court were to overturn it.
>
> In this suit, the same thing being sued upon is the security interests in the real property. The two causes of action in both cases are so inextricably intertwined that a different judgment here would operate to nullify a judgment in the other case. In this case, [the Sanchezes] admit to the other pending action and judgment granting summary judgment. [The Sanchezes] made the same arguments in the mortgage foreclosure case as here: that Defendant lacks standing to assert the security interest in the property in order to foreclose. A copy of Plaintiffs' Brief/Response to the motion for summary judgment in 5924 CV 2024 is attached. [The Sanchezes] ma[de] the same arguments there as in this case. We take judicial notice of [their] filing in the other case, and Judge Zulick's Memorandum Opinion and Orders in it as well.
>
> Finally, the parties are identical in both matters as are the quality and capacity of the parties being sued. All of the requirements for res judicata are met in this case. As such, [the Sanchezes] are barred from asserting the claims for quiet title in this matter against [Federal Home Mortgage], as they are the same allegations and defenses in the mortgage foreclosure action of 5924 CV 2024, which has

- 8 -

> already been addressed directly by Judge Zulick in granting summary judgment in favor of Federal Home [Mortgage] and against [the Sanchezes] in this case. This serves as a bar to asserting these claims that cannot be corrected by amendment of the Complaint, and the Complaint will be dismissed with prejudice, meaning [the Sanchezes] cannot re-file in this case, or in any new case asserting the same grounds. The issue of standing for [Federal Home Mortgage] was decided in 5924 CV 2024, and the allegations herein are barred.

Trial Ct. Op. at 3-4.

Once again, Solange does not contend the court erred in finding the claim alleged in the complaint was barred by *res judicata*.[2] Rather, she alleges the court should have coordinated this action with the prior action. She provides no law to support this claim.

We find the claim lacks merit. Where a claim is barred by *res judicata*, the claim should be dismissed, and the court need not provide an opportunity to amend or coordinate the action with the prior action. **See Khalil**, 240 A.3d at 1005 (finding it was proper for the trial court to dismiss appellant's claim with prejudice on grounds of *res judicata* where facts are not in dispute).

In her final claim, Solange argues that it was improper to strike the *lis pendens*. She claims that striking the *lis pendens* before final adjudication "undermines its protective function and exposes the property to transfer or encumbrance during active litigation." Solange's Br. at 9-10. She claims that eliminating *lis pendens* and barring amendment "exposes the property to transfer risk and frustrates quiet-title relief." **Id.** at 10.

_____

[2] Even if she challenged the *res judicata* finding, we would affirm the trial court based on the well-reasoned opinion of the Honorable David J. Williamson.

"*Lis pendens* is construed to be the jurisdiction, power, or control which courts acquire over property involved in a suit, pending the continuance of the action, and until final judgment." ***Dorsch v. Jenkins***, 365 A.2d 861, 863 (Pa.Super. 1976) (*en banc*). *Lis pendens* may be imposed when the property "is subject to litigation and that any interest acquired by the third party will be subject to the result of the litigation." ***Vintage Homes v. Levin***, 554 A.2d 989, 994 (Pa.Super. 1989) (citing ***Psaki v. Ferrari***, 546 A.2d 1127, 1128 (Pa.Super. 1988)).

Here, the property was no longer subject to litigation from the instant case. Therefore, the court properly struck the *lis pendens*.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: May 27, 2026

- 10 -